(39 Misc. Rep. 474.)

PEOPLE ex rel. NEW YORK EDISON CO. v. FEITNER et al., Com'rs.

(Supreme Court, Special Term, New York County. December, 1902.)

1. CERTIORARI—TAX ASSESSMENT—REFERENCE.
    Tax commissioners of a city assessed in their annual record, without locating them, "the foundations, sub and super structures, conduits, pipes, wires, cables, and connections," of an electric light company, as located on private property. The company insisted that the foundations, etc., were not taxable locally, because located in or under highways, and taxable only as special franchises by the state board of tax commissioners, under Laws 1899, c. 712, § 47. *Held* to present a question of fact requiring evidence for its determination, and therefore a reference was necessary for that purpose.

2. SAME—APPLICATION TO CORRECT ASSESSMENT.
    The necessity of a prior application to have an assessment corrected before review by certiorari does not arise where the tax is void because the tax officials had no right to make it.

Certiorari by the people, on the relation of the New York Edison Company, as the successor of the Edison Electric Illuminating Company of New York, against Thomas L. Feitner and others, commissioners, to review an assessment. Order of reference made.

Beardsley & Hemmens, for relator.

George L. Rives, Corp. Counsel (E. Crosby Kindleberger, of counsel), for respondents.

SCOTT, J. This is the usual tax certiorari to review the assessment of relator's property for purposes of taxation. The Edison Electric Illuminating Company of New York, predecessor of the

relator, was assessed for the year 1901 at $1,664,850, value of its capital stock, and $80,000, value of its real estate. The certiorari calls in question both assessments. The entry respecting the valuation of the real estate, as it appears in the "annual record" for the year 1901, shows that the subject-matter assessed was "foundations, sub and super structures, conduits, pipes, wires, cables, and connections." Where these were situated, does not appear in the record. The relator insists that the property thus assessed as real estate must be deemed to be the conduits, cables, etc., in or under the public streets and highways, and that they are exempt from assessment and taxation for local purposes under the franchise tax law, which provides that "tangible property subject to a special franchise tax situated in, upon, under or above any street, highway, public place or public waters as described in subdivision three of section two shall not be taxable except upon the assessment made as herein provided by the state board of tax commissioners." Laws 1899, c. 712, § 47. The respondents, on the other hand, assert that the real estate thus assessed consisted of conduits, cables, etc., in, upon, under, or affixed to the land on private property, and hence was not exempted from local assessment under the section of the franchise tax law above quoted. Manifestly here is a question of fact, requiring the taking of evidence for its determination. The respondents, however, insist that as to the assessment of the real estate the writ should be quashed, because the relator made no application to the tax commissioners for the correction of the assessment.

Section 895 of the charter of the city of New York provides that:

"During the time that books shall be open to public inspection as aforesaid application may be made by any person or corporation claiming to be aggrieved by the assessed valuation of real or personal estate, to have the same corrected. If such application be made in relation to the assessed valuation of real estate, it must be made in writing, stating the grounds of objection thereto."

And section 250 of the general tax law provides that petitions for the writ of certiorari shall show "that application has been made in due time to the proper officers to correct such assessment."

It is well settled that the court will not entertain applications to correct assessments unless application has first been made to the commissioners. People v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432. Such an application however, presupposes that the commissioners have jurisdiction to make the assessment in the first place, and that they have acted erroneously in exercising that jurisdiction, and that their assessment is therefore open to correction by them. When, however, the assessment is absolutely void, because the commissioners have no jurisdiction to make the assessment at all, there is nothing to correct, and it is not necessary that any application should be made to the commissioners as a foundation for the writ of certiorari. People v. Feitner, 30 Misc. Rep. 641, 64 N. Y. Supp. 321. That is the case presented here, on the relator's statement of the facts. If the conduits, cables, etc., assessed as real estate, were situated as is alleged by the relator, they are wholly exempt from local taxation, and the commissioners were without jurisdiction to assess them at all.

If, upon the evidence to be taken, it appears that the real estate assessed consists exclusively of property exempted from local taxation by the franchise tax law, the assessment must, of course, be vacated. If, however, it should appear that the relator does own real estate consisting of conduits, cables, etc., wholly upon private property, and not, therefore, exempted by the franchise tax law, the assessment must stand, and cannot even be reduced, however much its value may have been overestimated by the commissioners, for as to such property the commissioners had jurisdiction to fix an assessment, and their decision as to its value cannot be reviewed, because no application for a correction of the assessment was made to them. The necessity for a prior application to the commissioners failed only as to property absolutely exempt from assessment, as to which they were consequently without jurisdiction. The motion to quash must therefore be denied. As to the assessment upon the capital stock, the relator duly made application for its correction, and the commissioners did largely reduce it. In that application certain statements were made, which, as the commissioners state in their return, they disbelieved and disregarded. Their action in so doing was equivalent to a denial of the statements thus disregarded. Hence arises an issue of fact upon which evidence should be taken. An order of reference may be presented and settled on notice.

Ordered accordingly.