HICINBOTHEM v. VILLAGE OF NORTH PELHAM.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

1. QUIETING TITLE (§ 19*)—ACTION TO DETERMINE CLAIM.

The action cannot be regarded as one for determination of a claim to real estate, under Code Civ. Proc. §§ 1638–1650; the complaint required in such an action, that the property at the commencement of the action was, and for the year preceding had been, in plaintiff's possession, being absent, and the presumption that possession of unoccupied land follows the legal title being of no avail, it not being alleged that the land is unoccupied, or when plaintiff acquired the legal title, and the relief sought being the cancellation of the certificate issued on a sale for taxes, and a decree declaring the proceedings on which the certificate was based, including the taxes, to be invalid.

[Ed. Note.—For other cases, see Quieting Title, Dec. Dig. § 19.*]

2. TAXATION (§ 793*)—ACTION TO CANCEL TAX SALE CERTIFICATE—QUIETING TITLE.

An action for cancellation of a tax sale certificate as a cloud on title, and for a decree declaring the proceedings on which it was based, including the taxes, to be invalid, will not lie, where the invalidity of the assessments appears on the face of the assessment rolls, because of their failure to describe the premises with reasonable certainty, though the invalidity of the certificate does not appear on its face; the right obtained by the certificate being, under Village Law (Consol. Laws, c. 64) §§ 122, 123, possession of the premises, to be enforced by summary proceedings, and it being necessary, under Code Civ. Proc. §§ 2235, 2244, as to pleading in such proceedings, for plaintiff therein, on such invalidity being set up by the answer, to make proof, which could only be made by the assessment rolls, which would show the invalidity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1575; Dec. Dig. § 793.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Westchester County.

Action by Emil M. Hicinbothem against the Village of North Pelham. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Harry A. Anderson, for appellant.

Frederick G. Fischer, for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff in an action brought to have certain taxes, assessed upon real property now owned by the plaintiff in the years 1896 to 1907, adjudged void, and to set aside and cancel the certificate issued upon the sale of the property for such unpaid taxes.

[1] The action cannot be regarded as one for the determination of a claim to real property under the provisions of article 5, tit. 1, c. 14, of the Code of Civil Procedure, for the reason that the complaint in an action of that character, viz., that the property at the commencement of the action and for one year next preceding had been in the possession of the plaintiff, is absent in the case at bar. The contention that the presumption of law obtains that possession follows the legal title where the land is unoccupied and the allegations of the complaint sufficiently comply with the requirements of section 1639 of the Code, is answered by the fact that the complaint contains no allegation that the land is unoccupied, and the time when the plaintiff acquired the legal title thereto is not alleged. The relief sought in this action is the cancellation of the certificate of sale as a cloud upon the title, and a decree declaring the proceedings upon which the certificate is based, including the taxes assessed, to be invalid.

[2] It is a familiar rule that such an action will not lie when the alleged invalidity appears upon the face of the record, or in any proof which the claimant is required to produce in order to maintain an action to establish his title, for the reason that a title obviously void does not constitute a cloud upon the title of the true owner. The taxes assessed in the case at bar are concededly invalid, because the various assessment rolls and notices of sale do not describe with reasonable certainty the premises upon which the taxes are levied. The invalidity of the assessments appears upon the face of the assessment rolls, and if it is necessary for the defendant, in order to establish the rights claimed under its certificate of sale, to have recourse to the assessment rolls or to the notice of sale, this action cannot be maintained. The certificate complies with the requirements of section 121 of the village law. It differs from the assessment rolls and notice of sale, in that it correctly describes the plaintiff's land, and it is contended that, as the invalidity of the certificate does not appear upon its face, it is an apparent lien and cloud on the title, and this action is maintainable.

This contention would have to be sustained if the defendant established a prima facie case by the introduction of the certificate. The courts have uniformly held that where the statute provides that the certificate shall be prima facie or presumptive evidence of the facts

therein recited, or that the proceedings recited as having been taken are regular and valid, and the defects in the assessment rolls or notices dehors the record, the certificate, not appearing on its face to be invalid, constitutes a cloud on title, and an action in equity to remove such cloud by the cancellation of the certificate can be maintained. In this case, however, the defendant does not establish a prima facie case by introducing the certificate. The village law does not provide that the certificate shall be even presumptive evidence of the regularity or validity of the proceedings upon which it issued. The right obtained is possession of the premises against which the tax was levied for the number of years as stated, and is to be enforced by summary proceedings. Sections 122, 123, Village Law.

Section 2235 of the Code of Civil Procedure provides that the petition in summary proceedings must state the facts which authorize the application; and section 2244 provides that the answer may deny the allegations of the petition, and set up any new matter constituting a legal or equitable defense. In summary proceedings instituted by the defendant under its certificate, it would be necessary for it to allege the facts showing its right to possession. The plaintiff could answer by alleging the invalidity of the taxes and sale, because the property was not properly described in the assessment rolls or notice of sale under which the certificate issued. It would be incumbent upon the defendant to establish that the premises described in its certificate were the identical premises upon which the taxes were levied and of which notice of sale was given. Such proof could only be made by the assessment rolls and notice, which show the invalidity of the assessments, and this presents a fatal objection to this action.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.