ELMHURST FIRE COMPANY, Respondent, v. CITY OF NEW YORK, Appellant.

Tax — action in equity to have invalid taxes annulled and canceled as a cloud upon title — exemption from taxation of property of volunteer firemen's association — illegal assessment of such property.

1. When a statute leaves to the assessing officers questions of a jurisdictional character, their decision does not preclude parties aggrieved from resorting to judicial remedies. When their authority depends upon the existence of some fact, which they erroneously determine to exist, their acts pursuant to it are void.

2. Where taxes are invalid and a cloud upon the title of the property of plaintiff, provable only by evidence *dehors* the record, an action in equity to have such taxes annulled and canceled of record is maintainable.

3. Under the statute (Tax Law, Cons. Laws, ch. 60, § 4, subd. 8) exempting from taxation "Real property of an incorporated association of present or former volunteer firemen actually and exclusively used and occupied by such corporation and not exceeding in value fifteen thousand dollars," property of such an association of the value of $15,000 or less is exempt, and the assessing officers have no jurisdiction over it.

*Elmhurst Fire Co.* v. *City of New York*, 157 App. Div. 891, affirmed.

(Argued October 15, 1914; decided November 10, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 11, 1913, which modified and affirmed as modified a final judgment entered in favor of plaintiff upon a decision of the court at Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank L. Polk, Corporation Counsel (Curtis A. Peters* of counsel), for appellant. The assessments in

question are presumed valid and correct in amount, and the plaintiff, not having reviewed them by certiorari proceedings, cannot now contend that they are excessive. (*People ex rel. W. F. Ins. Co.* v. *Davenport*, 91 N. Y. 574; *People ex rel. Osgood* v. *Commissioners*, 99 N. Y. 154; *People ex rel. Burke* v. *Wells*, 184 N. Y. 275; *People ex rel. J. W. S. Co.* v. *Tax Commissioners*, 196 N. Y. 39; *People ex rel. Powers* v. *Kalbfleisch*, 25 App. Div. 432; 156 N. Y. 678; *Matter of Peck*, 80 Hun, 122; *Matter of Baumgarten*, 39 App. Div. 174.) As plaintiff had an adequate remedy at law equity has no jurisdiction to give relief on the ground of overvaluation. (*D. & H. C. Co.* v. *Atkins*, 121 N. Y. 246.)

*Joseph J. Tuohy* for respondent. The remedy sought is the proper one. (*Nat. Bank* v. *City of Elmira*, 53 N. Y. 59.) Appellant's contention that the exemption is only a partial one is erroneous. (L. 1909, ch. 62, art. 1, § 4, subd. 5.) Respondent's contention that the exemption is a total one is correct. (*Broderick* v. *City of Yonkers*, 22 App. Div. 448; *Pratt Inst.* v. *City of New York*, 183 N. Y. 156.)

COLLIN, J. The plaintiff, an incorporated association of present volunteer firemen, seeks a judgment annulling and canceling of record the taxes against its real estate in the city of New York for the years 1902 to 1909 inclusive, upon the ground that the property was exempt from taxation. The statute provided: "The following property shall be exempt from taxation: * * * 8. Real property of an incorporated association of present or former volunteer firemen actually and exclusively used and occupied by such corporation and not exceeding in value fifteen thousand dollars." (Laws of 1896, ch. 908, § 4; Laws of 1909, ch. 62, § 4; Cons. Laws, ch. 60.) Allegations of the complaint, admitted by the demurrer, are, that the property of the plaintiff was through the years named

actually and exclusively used by it, did not exceed in value the sum of $15,000, and was assessed at the sum of $4,200. The judgment of the Special Term annulling the taxes was modified (and correctly as the respondent concedes) by the Appellate Division by striking therefrom the cancellation of the tax for 1902, and as thus modified affirmed.

The defendant asserts: (a) The statute enacted that if the value of the property was $15,000 or less it was exempt; if the value exceeded $15,000 it was exempt to the extent of $15,000 and the balance of the value was taxable; (b) therefore the assessors, being obligated to determine the value of the property, had jurisdiction over it and the owner which they presumptively exercised by judicially determining that the value was $19,200 and allowing the partial exemption of $15,000, and (c) having jurisdiction, their determination can be reviewed only by the statutory writ of certiorari (Tax Law, § 290, formerly § 250), not by a court of equity in a collateral action. The plaintiff asserts: (a) The statute enacted that if the actual value of the property was $15,000 or less it was exempt; if the value exceeded $15,000, there was no exemption and the plaintiff was taxable upon the full value, and (b) as the value did not exceed $15,000, the assessors were without jurisdiction to assess, the taxes were invalid, and constitute a cloud upon the title which a court of equity will cancel. The assertions of the plaintiff are true.

The power of taxation is vested in the absolute legitimate discretion of the legislature. It alone can declare the property which shall be subject to or exempt from taxation. In the present case the primary inquiry is, did the legislature intend by the statute as quoted to create a partial or a conditional exemption. The language of the statute and the context convinces us that it intended the latter. The language is direct and not seriously ambiguous. It states, in effect, that the real property of the corporation which is used as designated and is worth no

more than $15,000 is exempt from taxation. Its meaning is not that the exemption shall not exceed the value of $15,000, and is that the property to be exempt at all shall not exceed in value that sum. The logical and natural decision is that its property which is not so used or being so used is worth more than $15,000 is not exempt. The context supports such decision. Thus the language of the subdivision next following that under discussion is: "All dwelling-houses and lots of religious corporations while actually used by the officiating clergyman thereof (shall be exempt from taxation), but the total amount of such exemption to any one religious corporation shall not exceed two thousand dollars." Subdivision 11, after creating an exemption, states: "But the total amount of such exemption on account of both real and personal property shall not exceed fifteen hundred dollars." Other subdivisions (5, 7) create exemptions "to the extent of" an ascertainable sum or value, while other subdivisions (18, 19) create exemptions, "provided that such exemption of property for any society in the counties of Kings or New York shall not exceed one hundred and fifty thousand dollars, and in any other county affected hereby shall not exceed fifty thousand dollars." The defendant asserts and correctly that the legislature intended by such subdivisions to create partial exemptions, and asserts further and incorrectly that the subdivision in question was intended to have an identical effect. We may with confidence presume that an uniform legislative intention in provisions so associated would have been expressed in uniform or similar words.

It is true that the assessing officers were by the statute obligated to determine whether or not the value of the real estate exceeded the sum of $15,000. Such determination of the value was essential to the determination of their jurisdiction. If the value was in fact $15,000 or less the property was removed from their jurisdiction, and they must ignore its existence. If more they must

assess it. In making the determination they act judicially and within the sphere of their duty, but their decision is not conclusive as to their jurisdiction. They were officers clothed by statute with limited powers, and their decision on a question determinative of their authority is not final and may be attacked collaterally. When a statute, as in this case, leaves to the assessing officers questions of a jurisdictional character it is well settled that their decision does not preclude parties aggrieved from resorting to judicial remedies. When their authority depends upon the existence of some fact, which they erroneously determine to exist, their acts pursuant to it are void. (*Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Ogden City* v. *Armstrong*, 168 U. S. 224; *McLean* v. *Jephson*, 123 N. Y. 142; *Dorwin* v. *Strickland*, 57 N. Y. 492; *Matter of N. Y. C. Protectory*, 77 N. Y. 342.) In the case at bar the value of the property did not exceed the sum of $15,000. The property was exempt and the assessing officers had no jurisdiction over it. Their jurisdiction depended upon the facts as they were, not as they determined them to be. The assessments were, therefore, void and the taxes invalid.

The taxes, being invalid, were a cloud upon the title of the plaintiff, provable only by evidence dehors the record and this action in equity is maintainable. (*Strusburgh* v. *Mayor, etc., of N. Y.*, 87 N. Y. 452; *Alvord* v. *City of Syracuse*, 163 N. Y. 158; *County of Monroe* v. *City of Rochester*, 154 N. Y. 570; *National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49.)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, HOGAN, MILLER and CARDOZO, JJ., concur; CHASE, J., absent.

Judgment affirmed.