THE ISAAC L. RICE MEMORIAL HOSPITAL FOR CONVALESCENTS, Appellant, Respondent, v. VILLAGE OF NORTH TARRYTOWN and Others, Respondents, Appellants.

Second Department, April 19, 1918.*

Tax — exemption of property of hospital corporation — suit to have illegal taxes canceled as cloud upon title — defense — failure to appear upon grievance day.

In a suit by a hospital corporation against a village, its collector and treasurer, upon the theory of cloud upon title, the plaintiff claiming that its lands are exempt under the Tax Law and have been illegally taxed, it is no defense that the plaintiff did not appear on grievance day.

APPEAL by the plaintiff, The Isaac L. Rice Memorial Hospital for Convalescents, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 8th day of January, 1918, overruling a demurrer to a separate defense contained in the answer of the defendant Village of North Tarrytown.

Appeal by the defendants, Village of North Tarrytown and others, from an order of the Supreme Court, made at the

* Temporarily withheld by direction of the court.— [REP.

Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 8th day of January, 1918, denying their motion for judgment on the pleadings consisting of the complaint, answer and demurrer thereto and for a dismissal of the complaint.

*Sidney Newborg [Edgar M. Troutfelt* with him on the brief], for the plaintiff.

*Winfield L. Morse [John J. Sinnott* with him on the brief], for the defendant Village of North Tarrytown.

Jenks, P. J.:

The plaintiff, a hospital corporation, complains that its lands, exempt under the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], § 4, subd. 7, as amd. by Laws of 1916, chap. 411), were taxed by the village of North Tarrytown, and brings this action in equity against the village and its collector and its treasurer, upon the theory of cloud upon title. These cross-appeals are respectively from orders of the Special Term that deny the defendant corporation's motion for judgment on the pleadings and overrule the plaintiff's demurrer to that defendant's separate defense.

The town assessors listed the lands for taxation, the plaintiff did not appear upon grievance day and the lands were placed upon the roll subject to tax. Application for cancellation was made to the board of trustees and to the said collector and treasurer, but in vain. The separate defense rests upon the omission of the plaintiff to appear upon grievance day.

While the provision for grievance day affords notice that is essential in the procedure of taxation, such provision is articulated with the remedy of direct review of the doings of the assessors. Thus grievance day is held by the assessors for the purpose of hearing and determining complaints in relation to the assessment roll. (Village Law [Consol. Laws, chap. 64; Laws of 1909, chap. 64], § 105, as amd. by Laws of 1909, chap. 472.) And section 109 of the Village Law provides that an application for a writ of certiorari to review the assessment roll may be made within the fifteen days that the assessment roll remains open for inspection. (Id. § 108, as amd. by Laws of 1913, chap. 378.) If we were considering the

procedure of a direct review of the assessment roll, then the omission of the plaintiff to appear upon grievance day would present a different question as to the right of the plaintiff to relief. (See *People ex rel. West Shore R. R. Co. v. Adams*, 125 N. Y. 471; *People ex rel. Western Union Tel. Co. v. Dolan*, 126 id. 166; *People ex rel. Mutual Union Tel. Co. v. Comrs. of Taxes, etc.*, 99 id. 257.) And yet there are numerous decisions that the omission to appear upon grievance day is not a waiver of the right of direct review of an assessment made without jurisdiction. (See *People ex rel. N. Y. C. & H. R. R. R. Co. v. Keno*, 61 Misc. Rep. 345; *People ex rel. West Shore R. R. Co. v. Adams*, 125 N. Y. 484; *People ex rel. N. Y. Edison Co. v. Feitner*, 39 Misc. Rep. 474. See, too, *People ex rel. Powder Co. v. Feitner*, 41 App. Div. 546; *People ex rel. American Thread Co. v. Feitner*, 30 Misc. Rep. 645; *People ex rel. Dufour v. Wells*, 85 App. Div. 445. See, too, Rumsey Taxation, 313.) Section 290 of the Tax Law (as amd. by Laws of 1916, chap. 323), that provides for a petition to the Supreme Court, relates also to the assessment roll.

Section 110 of the Village Law provides that upon the expiration of the aforesaid period of 15 days, the board of trustees shall levy the tax. And we have before us an action in equity that depends upon the illegality of the tax, brought not against the assessors who make up the rolls and hold the grievance day, but against the village whose officers lay the tax, and its officers who collect it. The distinction is drawn by CULLEN, J., writing for the court in *People ex rel. Spencer v. New Rochelle* (83 Hun, 185).

I think that the omission of the plaintiff to appear on grievance day is not a defense to the action. (*People ex rel. Spencer v. New Rochelle, supra; People ex rel. Powder Co. v. Feitner*, 41 App. Div. 544.) Indeed, an action that rests upon the illegal act lies without proceedings by certiorari having been instituted. (*Second Nat. Bank v. City of New York*, 160 App. Div. 501, and cases cited; *Bruecher v. Village of Port Chester*, 101 N. Y. 240; *Dale v. City of New York*, 71 App. Div. 230.) The basis of the present action is the illegality of the tax. The omission of the plaintiff to appear on grievance day did not make an illegal tax a legal tax. The dis-

position of the assessors could be questioned and disregarded in this collateral action, if they were without authority to place the plaintiff's lands upon the assessment rolls. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 54, citing *Savacool* v. *Boughton*, 5 Wend. 170.) In *Jex* v. *Mayor, etc.* (103 N. Y. 536, 541) the court, per Andrews, J., say: "A void assessment, like a void judgment, is a nullity, and when its collection has been enforced, the money may be recovered back, although the assessment has not been formally vacated. (*Bruecher* v. *Village of Port Chester*, 101 N. Y. 240.) If, however, the vacation of the assessment was necessary, that relief may be had in this action, in connection with relief for the recovery of the money which the plaintiffs' testator was illegally compelled to pay."

I think that the action lies under the authority of *Elmhurst Fire Co.* v. *City of New York* (213 N. Y. 89), and cases cited. *Hicinbothem* v. *Village of North Pelham* (144 App. Div. 698) is not against the plaintiff for the reason that the rule of *Marsh* v. *City of Brooklyn* (59 N. Y. 280), applied in that case, is no longer applicable because the amendment to the Village Law made subsequent to the judgment in *Hicinbothem's* case, as to the force and effect of a certificate, relieves the holder thereof from proof *dehors* the record. (See Village Law, § 136, added by Laws of 1913, chap. 234, as amd. by Laws of 1914, chap. 310; Birdseye, C. & G. Supp. 1914, 986.) The original provisions extant at the time of the decision in *Hicinbothem's Case* (*supra*) are sections 121, 122 and 123 of the said law.

I advise that the order that denies the motion for judgment on the pleadings be affirmed, without costs, and that the order that overrules the demurrer be reversed, without costs, and that the demurrer be sustained, without costs.

Mills, Rich, Blackmar and Kelly, JJ., concurred.

Order denying motion for judgment on the pleadings affirmed, without costs; order overruling demurrer reversed, without costs, and demurrer sustained, without costs.