THE WEBSTER APARTMENTS (a Corporation), Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, New York Special Term, February, 1922.

Taxes — exemptions — an apartment house conducted solely for the benefit of unmarried working women exempt — word " benevolent " in Tax Law not to be restricted in meaning — Tax Law, § 4(7).

The " Webster Apartments," a corporation formed to carry out a testamentary provision by which the testator created a trust fund to be used for the erection of an apartment building in the borough of Manhattan, city of New York, with direction that said apartment should be conducted solely for the purpose of " providing unmarried working women with homes and wholesome food at a small cost to them and in deserving cases without cost to them," is one organized solely for charitable and benevolent purposes and such of its real property as is held exclusively for such purposes is exempt from taxation under section 4(7) of the Tax Law.

The corporation on a claim for such exemption need not show that the recipients of its charity are persons in need of assistance and proven objects of charity; to restrict the meaning of the word " benevolent " as used in the Tax Law to such a purpose would be contrary to legislative intent and public policy.

ACTION to have property declared exempt from taxation.

*Townsend & Guiterman (Gerard B. Townsend* and *E. Crosby Kindleberger,* of counsel), for plaintiff.

*John P. O'Brien,* corporation counsel (*William H. King* and *Charles E. Lalanne,* of counsel), for defendant.

LEHMAN, J.  It seems to me clear beyond possible argument or contention that the plaintiff corporation is organized exclusively for charitable or benevolent purposes and that its real property is held exclusively for such purposes and is exempt under subdivision 7, section 4 of the Tax Law.  The corporation was formed to carry out a provision in the will of the late Charles B. Webster in which he created a trust fund to be used for the erection of an apartment building and directed " that the said apartments shall not be conducted for profit but solely for the purpose of providing unmarried working women with homes and wholesome food at a small cost to them and in deserving cases without cost to them," and further directing " that the directors of the said corporation shall fix the rentals for the said apartments and the prices for the food to be served in the said restaurant with the view of carrying out that purpose; and the cost of maintaining the said apartments and restaurant in excess of the receipts therefrom shall be met from such income as the said corporation may have, exclusive of the receipts from said rentals and restaurant."  The objects of the plaintiff, as stated in its certificate of incorporation, include: " to generally improve the conditions of unmarried working women and particularly to establish, maintain and conduct apartments in the Borough of Manhattan, City of New York, for occupation by unmarried working women regardless of their religious belief or nationality and wherein they may find comfortable and attractive homes," and this purpose is expressly limited and defined by the inclusion in the certificate of incorporation of the words contained in Mr. Webster's will quoted above.  The defendant makes no claim that the purpose of the bequest and of the corporation formed to carry out its terms is not praiseworthy and will not prove beneficial to the working women for whom homes may be provided in the building to be erected.  It does not claim that these benefits are to be limited to the members of any particular or favored class but it does claim that " the plaintiff must go further and show that the recipients of its alleged charity are persons in need of assistance and proven objects of charity."  To restrict the meaning of the word " benevolent " as used in the Tax Law to such a purpose would clearly be contrary to the intent of the legislature and to the public policy of the state as defined in all the previous decisions of this and other courts.  It may well be presumed that the working

women who will be received in these apartments will in the main be self-supporting women who would not be willing to be the " recipients of charity " in the ordinary meaning of that term, yet the state has a distinct interest in the physical as well as the moral well-being of this class of its citizens and the purpose of providing for them homes and wholesome food at or below cost is not only a purpose which is " benevolent " in the sense that it appeals to kindly hearts but is " benevolent " in the sense that it serves the public welfare. Judges cannot close their eyes to conditions which every member of the community must know exist nor to considerations which appeal to every right-thinking citizen. It is a fact which cannot be disputed and of which the court may, therefore, take judicial notice that there are many working women whose moral and physical well-being will be improved through an opportunity to obtain food and lodging in proper surroundings at a cost below the rate at which it could ordinarily be furnished. The purpose of the plaintiff corporation is to furnish such food and lodging at or below its cost and it must be presumed that the directors of the corporation will carry out both those purposes which are expressed and those which are necessarily implied in the will and in the certificate of incorporation and accept as the beneficiaries of its benevolent purposes those who need and will derive benefit from its work.

Judgment is, therefore, directed for the plaintiff.

Ordered accordingly.