THE PEOPLE OF THE STATE OF NEW YORK ex rel. HELEN G. SHEPARD and Another, as Executors, etc., of JAY GOULD, Deceased, Respondents, *v.* ERNEST FREELAND GRIFFIN and Others, as Trustees of the Village of Tarrytown, etc., and Another, Appellants.

Second Department, February 7, 1924.

**Taxation — certiorari to review assessments — assessments attacked on sole ground that they are illegal and void — petitioners not obliged to appear on " grievance day " or to make statement to that effect in petition — assessments canceled pursuant to Tax Law, § 293.**

The petition for a writ of certiorari to review tax assessments based on the sole ground that the assessments are illegal and that the assessors were without jurisdiction, need not state that the petitioners applied to the assessors on " grievance day," for under such circumstances the petitioners are not required to appear on " grievance day " or to so state in their petition.

The assessments in this case were illegal and were properly canceled pursuant to section 293 of the Tax Law.

APPEAL by the defendants, Ernest Freeland Griffin and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 10th day of July, 1923, canceling certain assessments upon the personal property of the petitioners, as executors, etc., of Jay Gould, deceased, for the year 1923, and striking such assessments from the assessment roll on the ground that the same were illegal and void.

*Charles D. Millard*, for the appellants.

*Walter G. C. Otto*, for the respondents.

MANNING, J.:

Alleging that certain assessments attempted to be levied by the assessors of the village of Tarrytown upon the estate of Jay Gould deceased, were illegal and void, the relators — executors and trustees of the estate — procured a writ of certiorari to review such assessments. On the hearing the assessors made no return to the writ

and in no way controverted the statements of the petition with reference to the alleged illegality, merely contenting themselves with the assertion that the petition was defective in that it failed to show that the relators had applied on " grievance day " to have any alleged errors or omissions in the assessments corrected.

The record before us shows that the relators did not question the assessment on the ground of errors or omissions, or by reason of any over-valuation or irregularity. The sole ground upon which the assessments were attacked was that the same were illegal and void, and that the assessors were without jurisdiction to act in the premises, the petition clearly pointing out the alleged illegality. Under such circumstances the petitioners were not obliged to appear on " grievance day," and no statement to that effect was required to be set forth in the petition. (See *Rice Memorial Hospital* v. *Village of North Tarrytown,* 187 App. Div. 855; *People ex rel. New York Edison Co.* v. *Feitner,* 39 Misc. Rep. 474; *People ex rel. American Thread Co.* v. *Feitner,* 30 id. 641.) A proper case was made out by the petitioners which justified the issuance of a writ of certiorari, and as the allegations of the petition stood uncontroverted, and it appearing that the assessments were illegal, the court was correct in canceling the assessments pursuant to section 293 of the Tax Law (as amd. by Laws of 1920, chap. 643).

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, KELBY and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.