DAVID J. TYSEN and MARGUERITE N. TOWNSEND, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Richmond County, March, 1924.

Taxation — action in equity to cancel ancient tax entry as cloud on title — failure of officials to certify returns of unpaid taxes to state comptroller — evidence did not disclose that taxes for 1860, 1868, 1869 and 1872 had not been paid — present owner of parcel entitled to judgment directing cancellation of old levies.

The estate of Commodore De Kay in 1860, 1868 and 1869 owned a forty-eight acre tract of land in Richmond county, and in those years and also in 1872 the taxes assessed against said land were indicated on the assessment rolls as being assessed against the property of one De Kay. It appeared, however, that said taxes were not reassessed in the year following any one of said assessments, with a description of the property, in the manner provided for assessing non-resident taxes. By reason of the omission of the proper officials to make and certify proper returns to the comptroller of the state, of unpaid taxes, the comptroller of the city of New York to which all rights of the county of Richmond in the premises have passed, is without power to collect said taxes. *Held,* that in an action by the present owner of the land he was entitled to a judgment directing the comptroller or other proper official to cancel the four old levy entries of the above-mentioned years on the books in his custody, with a proper reference to the decision herein.

Action to cancel ancient tax entry as cloud on title.

*Townsend & Kindleberger* (*Arthur O. Townsend,* of counsel), for plaintiff.

*George P. Nicholson,* corporation counsel (*Isaac Phillips,* of counsel), for defendant.

Dike, J. The action is in equity, seeking cancellation of an ancient tax entry as a cloud on title. In the years 1860, 1868 and 1869 the estate of Commodore De Kay owned a tract of land near the center of Richmond county. This tract consisted of some forty-eight acres and by mesne conveyances has passed into the possession of the plaintiffs. In the years 1860, 1868, 1869 and 1872 the tax officials of Richmond county assessed against the said forty-eight-acre tract certain taxes, which were indicated on the assessment roll of said Richmond county, town of Middletown, as being assessed against the property of one De Kay. It appears that these taxes so entered were not reassessed with a description of the property in the next year following any one of said assessments in the manner provided for assessing non-resident taxes, nor did the treasurer of the county of Richmond or the officials of the town of Middletown ever prepare or certify or transmit to the comptroller of the state of New York an account of such unpaid taxes or any of them, as provided by law. All rights of the county of Richmond in the foregoing have passed to the city of New York, and a title company refuses to insure the title unless these taxes are paid or canceled. But the comptroller of the city of New York is without power to collect these taxes, by reason of the omission of the officials as above indicated. The position of each of the litigants herein is perfectly justifiable. On the one hand we find the landowners seeking to make proper use of their property, and, on the other, a public official seeking to safeguard the interests of the city to collect moneys he insists are due, as would appear from the record. There is no proof that the taxes have not been paid. As a matter of fact, they may have been paid and not entered. The comptroller is helpless to enforce his right and admits it, but he is in a position to block any activity of the owners in freeing the title from this cloud until the taxes are paid. The parties have reached an impasse. Æsop's Fables contain a story that is illustrative of the situation. The famished cow and the watchful canine are probably understudies of the present litigants, because the comptroller, as the watchdog of the treasury, is amply justified in refusing here to yield a right which he feels the city, on the record, possesses, while the plaintiffs seek to escape from this continuing threat. Equity,

it seems to me, can properly solve this problem. No remedy can be found at law to quiet this title, and the plaintiffs are justified in seeking a way to remove lengthy and expensive litigation and to remove an ever-existing cause of controversy whenever plaintiffs seek to convey their land or to secure a loan thereon. If the legal rights of each of these parties are equal, equity should aid the relator, it seems to me, who seeks to secure a clear title. The rights of the defendant here are seriously menaced by the absence of the means of enforcement. In *Holland* v. *Challen*, 110 U. S. 15, 20, it is said: " A bill *quia timet* or to remove a cloud upon the title of real estate, differed from a bill of peace in that it did not seek so much to put an end to vexatious litigation respecting the property as to prevent future litigation by removing existing causes of controversy as to its title. It was brought in view of anticipated wrongs or mischiefs, and the jurisdiction of the court was invoked because the party feared future injury to his rights and interests." The Real Property Law, section 504, formerly Code of Civil Procedure, section 1642, would seem to give the court power to award any appropriate relief. *Sharon* v. *Tucker*, 144 U. S. 533. The present action, it seems to me, is justified by the decision in the case of *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87, affg. 157 App. Div. 891. There the court said, at page 91: " The taxes, being invalid, were a cloud upon the title of the plaintiff, provable only by evidence *dehors* the record, and this action in equity is maintainable." *Rice Memorial Hospital* v. *Tarrytown*, 187 App. Div. 855, was a second department case in which the case of *Jex* v. *Mayor of New York*, 103 N. Y. 536, was quoted. See, also, *Webster Apartments* v. *City of New York*, 118 Misc. Rep. 91, Mr. Justice Lehman writing the opinion and sustaining the form of action adopted by the plaintiffs herein. The defendant urges that the taxes in question are not a cloud on the title, because the taxes are not a lien against the property. But the very attitude of the title company would show that it is certainly regarded by them as such a cloud. From the whole case I feel that the plaintiffs are entitled to the relief prayed for, and findings may be submitted in accordance with that decision which shall decree a cancellation of these old tax entries and that the comptroller or the proper official shall be directed to cancel the four old levy entries of 1860, 1868, 1869 and 1872 on the books in his custody, making the proper reference to this decision and the decree thereunder. 1 give judgment in accordance with the above in favor of the plaintiffs.

Judgment accordingly.