THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIE RAILROAD COMPANY, Relator, *v.* STATE TAX COMMISSION, Respondent.

Supreme Court, Albany County, March 13, 1926.

Taxation — special franchise assessment — relator contends that bridge over creek is not special franchise since creek is not navigable — proceedings of State Tax Commission fixing special franchise assessment can be reviewed on certiorari though objections were not filed with Commission — if contention of relator is correct Commission had no jurisdiction and its action was void — motion to quash writ denied.

A writ of certiorari to review the action of the State Tax Commission will not be quashed on the ground that the relator failed to file proper objections with the State Tax Commission against the assessment of a special franchise based on a railroad bridge over a creek, for if, as contended by the relator, the bridge does not cross navigable water, there is no special franchise and the State Tax Commission had no jurisdiction thereof, and its action in assessing the bridge as a special franchise was absolutely void.

MOTION to quash writ of certiorari.

*Marion H. Fisher* [*Ross M. Lovell* of counsel], for the relator.

*Albert Ottinger,* Attorney-General [*Frederick J. Merriman* of counsel], for the respondent.

NICHOLS, J. Subdivision 6 of section 2 of the Tax Law (as amd. by Laws of 1916, chap. 323) provides: "A franchise, right, authority or permission specified in this subdivision shall for the purpose of taxation be known as a 'special franchise.' A special franchise shall be deemed to include the value of the tangible property of a person, copartnership, association or corporation situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise. The tangible property so included shall be taxed as a part of the special franchise. * * * "

Subdivision 8 of section 171 of the Tax Law (as amd. by Laws of 1921, chap. 90) provides: "Eighth. As provided in article two of this chapter fix and determine the full value of special franchises and equalize the same with other real property in the town, city or village in which the special franchises are situated."

The petitioner, Erie Railroad Company, is a domestic corporation engaged in operating as owner and lessee various railroad tracks and systems in the State of New York which it operates under franchises from the State. On or about December 1, 1924, the State Tax Commission fixed and determined the value of certain alleged special franchises which the Commission claims were enjoyed by the petitioner and subject to assessment in the city of Jamestown, N. Y., among which are three as follows: " Chautauqua outlet, bridge across (R. R. Br.); Chautauqua outlet, bridge across (R. R.) (Near Buffalo St.)," and one other item which is challenged which is not necessary to be determined for the purposes of this motion, " West Second St. Over crossing (R. R. Br.) "

It also included several other crossings in the city which are specified in said determination. A lump sum valuation of $124,800 was imposed on these alleged special franchises and a rate of fifty-nine per cent. Upon the completed roll of the city of Jamestown appears a lump sum assessment of $73,632 of these alleged special franchises in bulk. A tentative notice of the valuation of these alleged special franchises, dated December 1, 1924, was duly forwarded to the petitioner. Also a notice that said Tax Commission would meet in its office in the city of Albany to determine any complaints concerning any such valuations and rates of equalization on January 6, 1925, at ten o'clock in the forenoon; and another clause requiring objections to valuation and rate of equalization, " separate protests, each in duplicate, must be filed. * * * Objections must be verified and filed at least fifteen days before the date of hearing as provided by section 45a of the Tax Law." No objections were filed.

In the petition, subdivision 10, the petitioner alleges that the portion of the assessment as fixed and determined for the bridge crossing over said Chautauqua outlet is illegal; that such Chautauqua outlet is not a public navigable water; that the bed of the stream is not owned by the State and that the petitioner claims title to the bed of said outlet at the place of said crossing by virtue of conveyances thereof to petitioner.

It follows that if the allegation of the petition is true, then there was no special franchise used by petitioner so far as the bridges at the Chautauqua outlet are concerned, and any assessment or attempted assessment by the State Tax Commission would be utterly void. And the mere fact that the Tax Commission assumed jurisdiction to assess these alleged special franchises at the Chautauqua outlet gave them no jurisdiction to act, and their determination that they had jurisdiction and consequent action was utterly void. In *Elmhurst Fire Co.* v. *City of New York* (213 N. Y.

87, 91) the court says: " When a statute, as in this case, leaves to the assessing officers questions of a jurisdictional character it is well settled that their decision does not preclude parties aggrieved from resorting to judicial remedies.  When their authority depends upon the existence of some fact, which they erroneously determine to exist, their acts pursuant to it are void."  In *Rice Memorial Hospital* v. *Village of North Tarrytown* (187 App. Div. 855, 857), JENKS, P. J., says: " And yet there are numerous decisions that the omission to appear upon grievance day is not a waiver of the right of direct review of an assessment made without jurisdiction."  As to all the crossings as to which the Commission had jurisdiction to impose the franchise tax, " their decision as to its value cannot be reviewed because no application for a correction of the assessment was made to them.  The necessity for a prior application to the commissioners failed only as to property absolutely exempt from assessment, as to which they were consequently without jurisdiction."  (*People ex rel. N. Y. Edison Co.* v. *Feitner*, 38 Misc. 474.)

With respect to the crossing in " West Second St.  Overhead crossing (R. R. Br.)," I do not now determine whether the former orders are *res adjudicata* or not, not having them before me for examination.  That can be determined on the trial.

In the case of *People ex rel. Long Island R. R. Co.* v. *Tax Commissioners* (231 N. Y. 221) the question of a void assessment was not determined by the court.  The relator in that case had appeared on grievance day, and in the complaint filed as well as in the petition for the writ, did not set out information as to whether certain of the crossings which it occupied before the highway was laid out were not subject to assessment, the court saying (at p. 228): " The learned justice at Special Term, however, denied relief in this respect because of the insufficiency of the petition.  The relator could have set out this information in the complaint filed on grievance day as well as in the petition for the writ.  It had accurate knowledge as to the crossings over which it had prior occupancy, and its failure to set forth such information justified the court in withholding relief in this respect."  This in effect held that the acts of the petitioner constituted a waiver.

On the argument of this motion it was stated to the court in open court that the State Tax Commission had so subdivided these various assessments that it was possible to set out the amount of these two or three void assessments.

The claimed errors in levying the assessments by the city of Jamestown as they were made after the imposition of the special franchise taxes can in no wise affect that decision.  In the case of *People ex rel. N. F. H. P. & M. Co.* v. *Tax Commissioners* (65

Misc. 213, 219) MARCUS, J., says: " If that is so, the act of the local assessors is in violation of the express provisions of section 49 of the Tax Law [Consol. Laws, chap. 60], which prohibits them from taxing the tangible property included with the special franchise, and the relator's remedy is by a proceeding against the Niagara Falls assessors. The assessment of a special franchise by the State Board precedes the action of the local assessors and is transmitted to them to be inserted in the local roll. (Tax Law, § 43.) What happens thereafter is not chargeable to the State Board and cannot be reviewed in a proceeding against them."

The motion to quash the writ must be denied, with ten dollars costs.