The Board of Education of Union Free School District, Number Six, of the Town of Greenburgh, Appellant, *v.* Town of Greenburgh, The Town Board of the Town of Greenburgh, and William C. Duell, as Supervisor of the Town of Greenburgh, Respondents.

Second Department, April 30, 1937.

*Cloyd Laporte [Emory T. Nunneley, Jr.,* with him on the brief], for the appellant.

*Gerald FitzGerald,* for the respondents.

Carswell, J. This is an action to have certain assessments on the real property of plaintiff school district declared invalid and canceled, and to have certain tax sales and certificates of transfer growing out of the assessments declared void and removed as clouds upon title. After a trial, the assessments have been held valid.

The right to relief is dependent upon whether or not chapter 549 of the Laws of 1926 * exempts the plaintiff school district from these particular assessments which are the consequence of an

* Repealed by Laws of 1933, chap. 580.— [Rep.

improvement initiated and completed pursuant to the terms of that statute.

Property which is declared exempt from taxation is exempt from only such taxation as is imposed by general law. Plaintiff is entitled (Education Law, § 153) to such an exemption. But that general exemption does not relieve it from assessments for local improvements. (*Hassan* v. *City of Rochester*, 67 N. Y. 528; *Matter of Hun*, 144 id. 472; *Roosevelt Hospital* v. *Mayor, etc., of N. Y.*, 84 id. 108.) To have exemption from assessments there must be a specific statutory provision authorizing it. As we interpret chapter 549 of the Laws of 1926, it accords such an exemption. It does not do so by the use of the term " exemption," but it does so by language which limits to owners of " taxable real property " fronting on streets involved the right to initiate proceedings to bring about certain improvements and the obligation to bear the " expense " thereof. Plaintiff school district is not the owner of " taxable real property." (§ 1.) The control of the manner in which the improvement is to be carried out is likewise limited to the owners of " taxable real property " who are described as those representing a majority of the linear feet of such property. (§ 4.) Since plaintiff has no standing to initiate or control such an improvement, and since the " expense " (§ 1) is to be borne by the " owners of the taxable real property " fronting on the street or streets involved, it is exempt from any assessment based upon improvements effected through procedure prescribed in chapter 549. The references to real property or owners thereof in later sections of chapter 549 without the word " taxable " appearing therein are to be construed as referring to " taxable real property " mentioned in the earlier sections (*e. g.*, §§ 1 and 4); otherwise the use of the word " taxable " preceding the words " real property " in those earlier sections would be meaningless, even though that word was placed in the statute by special enactment. The language limiting the bearing of the expense to those who are owners of " taxable real property " is an exemption in specific terms to plaintiff school district, since it is not an owner of taxable real property in the area affected.

Assessors have not the power to determine what property is taxable or assessable; that is a legislative function. As the statute limits the right to assess to taxable real property, there was no jurisdiction to assess non-taxable real property. The assessments, therefore, were void and everything based thereon is likewise void.

An action in equity lies to obtain the relief sought because the invalidity of the assessments has to be and was established *dehors* the assessment records and because the transfers of tax liens are

presumptively valid under statutory provisions. (*Scott* v. *Onderdonk*, 14 N. Y. 9; *Heywood* v. *City of Buffalo*, Id. 534; *Rice Memorial Hospital* v. *Village of North Tarrytown*, 187 App. Div. 855; *Sanders* v. *Downs*, 141 N. Y. 422; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87; *Alvord* v. *City of Syracuse*, 163 id. 158; *Nat. Bank of Chemung* v. *City of Elmira*, 53 id. 49; Westchester County Tax Law [Laws of 1916, chap. 105], § 43.)

Section 4 of chapter 549 of the Laws of 1926 (as amd. by Laws of 1927, chap. 637), providing for review by certiorari for limited purposes, does not include within them the grievances of which plaintiff complains.

The short Statute of Limitations in section 9 of chapter 549 (as amd. by Laws of 1927, chap. 637) was not invoked by appropriate pleading and may not now be considered. (*Arnold* v. *Village of North Tarrytown*, 137 App. Div. 68; affd. on opinion below, 203 N. Y. 536.) The statute was pleaded in *Oak Hill Country Club* v. *Town of Pittsford* (264 N. Y. 133).

The judgment for defendants should be reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.

LAZANSKY, P. J., DAVIS and ADEL, JJ., concur; HAGARTY, J., dissents and votes to affirm.

Judgment for defendants reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.