BEVERLY HILLS CEMETERY CORPORATION, Plaintiff, *v.* FRANK RUSH et al., Constituting the Board of Assessors, Town of Putnam Valley, et al., Defendants.

Supreme Court, Special Term, Westchester County, May 18, 1951.

*Henry Steinberg* for plaintiff.

*Lawrence E. Bobker* for Board of Assessors, defendants.

*Alfred P. O'Hara* for Edward D. Stannard, as County Treasurer of the County of Putnam, defendant.

COYNE, J.  This is an action in equity brought by plaintiff-corporation, the owner of certain cemetery property situated in Putnam County, against the board of assessors of the Town of Putnam Valley and the Treasurer of Putnam County.  The gravamen of the action is to remove a cloud on title allegedly occasioned by certain illegal and unconstitutional assessments. The complaint also seeks recovery of the sum of $3,362.01 representing taxes and penalties paid under protest under the said assessments for the years 1939 to 1945, inclusive; and also prays for injunctive and various other incidental relief.

It is well at the outset to dispose of the procedural objection raised by defendants as to the form of plaintiff's remedy.  It is urged by defendants that the proper remedy is by certiorari to review under section 290 *et seq.* of the Tax Law, rather than by the present equitable action.  Such contention is untenable. Apart from the claim that plaintiff is a legitimate, nonprofit-making cemetery corporation, plaintiff in the present action maintains that the pertinent assessments were made pursuant to an unconstitutional statute, and that consequently the said assessments are illegal.  Under such circumstances, the remedy of certiorari is not the sole and exclusive remedy, but redress may be had in equity.  (*Cooper Union for Advancement of Science & Art* v. *City of New York,* 298 N. Y. 578; *Westchester Co.* v. *Town of Harrison,* 85 N. Y. S. 2d 374; *Hunter College Student Assn.* v. *City of New York,* 63 N. Y. S. 2d 337; *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87.)

On the trial, the court permitted counsel considerable latitude in the presentation of evidence to the end that the issues might be thoroughly explored.  There is no dispute as to many essential facts.  The property involved, hereinafter more fully described, is a 154-acre tract of land situated in the town of Putnam Valley, Putnam County, N. Y.  Plaintiff was organized under the Membership Corporations Law, as a cemetery corporation, by certificate of incorporation filed in the office of the Secretary of State on June 23, 1930.  The certificate of incorporation, provided, among other things, that the purpose of the corporation was to acquire land in the town of Putnam Valley, County of Putnam, to be used as a cemetery.  One Moro-

witz first acquired title to the property by deed dated September 15, 1930. The purchase price was $28,000, of which $5,000 was paid in cash, and the balance of $23,000, by the seller taking back a purchase-money mortgage. On the following day, September 16, 1930, Morowitz transferred title to the corporate plaintiff herein. The purchase-money mortgage was not satisfied until January 7, 1949.

At the first meeting of the board of directors, held on September 22, 1930, a resolution was adopted whereby the corporation acknowledged its indebtedness to the said Morowitz and to one Gladstone, another promoter, in the sum of $500,000. The consideration for the indebtedness was said to be the conveyance of the property, and for services rendered and money expended in the organization and promotion of the corporation. The resolution authorized the issuance of corporate certificates of indebtedness to Morowitz and Gladstone in the aggregate sum of $500,000, bearing interest of 6% per annum. On November 15, 1939, at a special meeting of the board of directors, issuance of certificates of indebtedness in the sum of $775,000, was authorized. The latter certificates represented the original principal sum of $500,000, plus accrued interest of $275,000. The new certificates were issued to the holders of the original certificates in exchange for, and upon surrender of the original certificates. On December 9, 1946, at a meeting of the board of directors, a resolution was adopted authorizing the issuance of certificates of indebtedness in the sum of $2,100,000, bearing interest at the rate of 5% per annum. There is a question as to whether these certificates were ever actually issued, or delivered. However, at a special meeting of the board of directors held on June 29, 1948, another resolution was adopted retroactive as of December 9, 1946, reducing the issue of certificates to the sum of $1,200,000. The issue of $1,200,000 represented the amount of the certificates outstanding as of 1946, namely, $775,000 together with accrued interest, plus alleged obligations and liabilities of the corporation.

The evidence shows that many of these certificates of indebtedness are in the possession of the Metropolitan Commercial Corporation, a corporation organized for the purpose of making profits. The evidence further disclosed that the plaintiff shared a suite of offices with the Metropolitan Commercial Corporation, and with another profit-making corporation, the Real Estate & Investment Company, at No. 545 Fifth Avenue, New York City; and that the officers and directors of the three corporations were substantially the same.

: As stated, the property consists of 154 acres of land located in the town of Putnam Valley, Putnam County, New York. Out of the entire tract, only 35 acres have been leveled, graded and cultivated for cemetery purposes. The remaining 119 acres are separated from the rest of the tract by a country road known as Mill Street. This 119-acre parcel is entirely undeveloped and unimproved, and no steps have been taken to utilize this land for cemetery purposes since the date of its acquisition in the year 1930. There have been no interments in the unimproved property, and there is evidence that plaintiff did not contemplate improving this portion.

Prior to 1938, the entire 154 acres was exempt from tax. A portion of the property was assessed for tax for the year 1938. Presumably, the assessment for that year was made in pursuance of subdivision 6-a of section 4 of the Tax Law, effective May 24, 1937. Plaintiff thereupon brought a certiorari proceeding to review the assessment. The matter came on to be heard before the Hon. J. ADDISON YOUNG, Official Referee who made certain findings of fact and conclusions of law, and granted an order determining the assessment to be improper (on a ground not pertinent herein).

In the present action, all of the parties seek support for various contentions in the findings of the Official Referee in the certiorari proceeding. This court is not in accord with the claims of the parties. The contention of the defendant treasurer that the findings in that proceeding are *res judicata* or *stare decisis* on the issue of constitutionality cannot be sustained because the statute as then constituted differed in a substantial respect from the statute now under consideration. The plaintiff's contention that this court is concluded by the findings of fact designated " Fourth " in Judge YOUNG's decision is similarly without merit. On the record as it now stands, there is no bar to prevent this court from considering the evidence here adduced by defendants to establish the profit-making character of plaintiff's venture.

Subdivision 6-a of section 4 of the Tax Law was amended by chapter 291 of the Laws of 1939, effective April 13, 1939. It is this statute, as amended, which is the subject of plaintiff's attack in the present action. The complaint alleges that subdivision 6-a of section 4 of the Tax Law is unconstitutional in that the statute deprives plaintiff of its property without due process of law, and deprives plaintiff of the equal protection of the laws guaranteed under the Federal and State Constitu-

tions. It is more specifically alleged that the sole purpose and sole effect of the statute is to deprive plaintiff, and no other cemetery corporation in New York State of the privilege and immunity from taxation as conferred by subdivision 6 of section 4 of the Tax Law; and to render that exclusive subjection to tax a permanent one, regardless of the growth in population of Putnam County. Plaintiff contends that the statute is designed to perpetrate a denial of tax exemption to plaintiff's property, irrespective of population changes in Putnam County, because under the statute the population is anchored to the 1930 Federal census.

In the opinion of this court, the statute is not arbitrary, discriminatory or unreasonable; and accordingly holds it to be constitutional. The statute has as its salutary purpose the protection of the taxpayers of a sparsely populated county such as Putnam County, and other counties similarly situated, in situations and under circumstances where there is no necessity for reserving excessively large acreage for cemetery purposes. Contrary to plaintiff's assertion, it is not unusual for the Legislature to relate or condition the application of a particular statute to a designated census. There are many instances, some under the Membership Corporations Law, where this power has been exercised. The court is satisfied that a valid and reasonable basis existed for the legislation.

Quite regardless of the foregoing, plaintiff is not entitled in equity to the relief sought. The evidence adduced clearly established that the plaintiff corporation was organized and was operating for the purpose of realizing pecuniary profit for the corporation, its directors, officers and transferees. Considered generally, the financial operations surrounding the organization of the corporation, and the issuance of the corporate certificates of indebtedness for a palpably inadequate consideration; the subsequent reissues of corporate certificates of indebtedness for manifestly inadequate consideration; the intimate relationship existing between the presumably non-profit-making plaintiff corporation and the other admittedly profit-making corporations, with the interlocking of directors and officers; the failure in numerous instances to follow the requirements of the Membership Corporations Law governing the conduct and operation of such corporations; and the other evidence contained in the record, all establish to the satisfaction of the court that the cloak assumed by the plaintiff corporation was purely a guise and pretense to cover a pecuniary and commercial undertaking.

In construing tax exemption statutes, the courts, in line with what obviously is the legislative policy, have refused exemption unless it clearly appears that the corporation is altogether free from a profit-making purpose. Before an owner may have relief from his or its obligation to pay taxes, it must be shown that both the spirit and letter of the law have been met. (*Lawrence-Smith School* v. *City of New York*, 166 Misc. 856, affd. 255 App. Div. 762, affd. 280 N. Y. 805.) An exemption will not be allowed if the organization, though ostensibly non-profit-making in character, is really a guise or pretense for making profit from its operation. The plaintiff has failed to sustain the burden of establishing its right to a property exemption by clear and convincing proof. (*People ex rel. Watchtower Bible & Tract Soc.* v. *Mastin,* 191 Misc. 899.)

On the entire case, plaintiff's status does not commend itself to the conscience of this court of equity, or to the dictates of natural justice. The financial manipulations of the plaintiff demonstrate a lack of good faith and integrity of purpose. The activities of the plaintiff from the date of its organization were tainted with commercialism. The evidence warrants the application of the maxim of " unclean hands ". Clearly, no affirmative equitable relief should be afforded plaintiff.

Judgment granted in favor of defendants dismissing the complaint, with costs. Settle decision and judgment on notice.