The judgment of conviction should be reversed and the indictment dismissed.

KELLY, P. J., MANNING and KAPPER, JJ., concur; RICH, J., dissents and votes to affirm.

Judgment of conviction reversed upon the law and the facts, and indictment dismissed upon the law.

---

FREDERICK ERNEST TRAUB, Respondent, *v.* ARROW MANUFACTURING CORPORATION and Others, Appellants.

Second Department, December 7, 1923.

Motions and orders — Special Term judge has power to correct order inadvertently granted — indorsement on back of notice of motion " motion denied, with costs " is not order under Rules of Civil Practice, rule 70 — corporations — action for dissolution by director and owner of half of stock — complaint insufficient under General Corporation Law, §§ 101 and 170 — complaint sufficient under General Corporation Law, §§ 90 and 91, where plaintiff alleges that election of another as director in his place was illegal — complaint may be upheld on theory of derivative act'on though demand on board of directors to sue not alleged since demand would be useless — prayer for relief immaterial on motion for judgment on pleadings.

A Special Term judge on the hearing of a motion for judgment on the pleadings is inherently empowered to make his order conform to the decision intended, and where, through mistake, he inadvertently denies the motion, he may thereafter on his attention being called to the fact, make an order granting the motion.

An indorsement on the back of a notice of motion for judgment on the pleadings " Motion denied, with costs. A. H. F. Seeger, J. S. C.," is not an order under rule 70 of the Rules of Civil Practice, since it does not contain a recital of the papers used on the motion.

A complaint by a director and the owner of half of the stock of a corporation in an action to dissolve the corporation, which is insufficient under sections

101 and 170 of the General Corporation Law may be upheld under sections 90 and 91 of the General Corporation Law on the theory that it is an action by a director against codirectors to compel an accounting and the repayment of moneys of the corporation converted or wasted, though it is alleged that nominally the plaintiff is not a director, since there is a further allegation which, for the purpose of a motion for judgment on the pleadings must be assumed to be true, that the election of another as a director in the place of the plaintiff was illegal.

Furthermore, the complaint may be upheld on the theory that the action is a derivative one commenced by a stockholder, though it is entitled in the plaintiff's individual name as plaintiff and not as suing on his own behalf and that of other stockholders similarly situated, and though it contains no allegation that a demand was made upon the board of directors to institute an action on behalf of the corporation, since it appears that the only other stockholders in the corporation are the individual defendants whom the plaintiff charges with misappropriating corporate funds, and since it also appears that the individual defendants constitute a majority of the board of directors and so a demand upon them would be useless.

If a complaint states facts sufficient to constitute a cause of action, the prayer for relief is immaterial on a motion for judgment on the pleadings.

APPEAL by the defendants, Arrow Manufacturing Corporation and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of June, 1923, granting the plaintiff's motion for judgment on the pleadings, consisting of complaint and separate demurrers with leave to defendants to answer over, and also from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Westchester on the 20th day of July, 1923, denying the defendants' motion to vacate the first-mentioned order.

*George Cohen,* for the appellants.

*Samuel Meyers* [*H. E. Kamen* with him on the brief], for the respondent.

KAPPER, J.:

The defendants, on July 29, 1921, separately demurred to the complaint upon the ground that it " does not state facts sufficient to constitute a cause of action." At the time each such demurrer was interposed, it was an allowable pleading; it had not then been " abolished." (Code Civ. Proc. §§ 487, 488, 490; Civ. Prac. Act, § 277.) The Special Term overruled the demurrers, granted plaintiff's motion for judgment on the pleadings, with leave to defendants to answer over, and also denied defendants' motion to vacate said order. Defendants appeal from both orders, and they are here in one record. The motion for judgment was made by the plaintiff on May 8, 1923. On June 1, 1923, the learned justice who heard the motion indorsed on the back of the notice of motion the following: " Motion

denied, with costs.   A. H. F. Seeger, J. S. C." After such notation, and as the result of some correspondence between the attorneys for the parties and the Special Term justice, the latter wrote to plaintiff's attorneys that it had been his intention to uphold the complaint, but, laboring under the impression that the motion was made by the defendants, his indorsement on the back of the notice, denying the motion, was an error. Thereupon, and on June 20, 1923, Mr. Justice SEEGER decided that the demurrers should be overruled and plaintiff's motion for judgment on the pleadings granted, adding a memorandum in which he reiterated the error inadvertently made in assuming the motion for judgment to have been made by defendants instead of plaintiff, and his intention originally to uphold the complaint. This was followed by the entry of an order accordingly. A second order duly entered denied a motion of the defendants to vacate this last-mentioned order. The appellants argue that the Special Term " erred in striking out the *order* that the motion for judgment on the pleadings is denied and in making a new decision and order granting the said motion for judgment on the pleadings," and that the learned justice " should have granted defendants-appellants' motion to vacate the said order." The appellants' theory is that Mr. Justice SEEGER's indorsement of the denial of the motion was an " order " to the making of which the learned justice should be held, and that he had no authority thereafter to sign and direct the entry of an order granting the motion, in the absence of an application for reargument.

I am unimpressed with the appellants' claim. A Special Term judge on a hearing of this character is inherently empowered to make his order conform to the decision intended, and that, in my opinion, is all that Mr. Justice SEEGER did. Moreover, I do not think that his original indorsement on the back of the motion papers was an order in any event. Under rule 70 of the Rules of Civil Practice, an order when indorsed on the moving papers, must comprise, besides a memorandum of the determination of the motion, a recital of the papers used on the motion. There was no such recital in the indorsement made by Mr. Justice SEEGER. I regard the appeal from the second order as without merit.

The first order appealed from, which granted plaintiff's motion for judgment on the pleadings, presents a more difficult proposition, and that is, Does the complaint set forth facts sufficient to constitute a cause of action?

The complaint in substance alleges:

1. That the defendant Arrow Manufacturing Corporation was and is a domestic corporation in the business of manufacturing and dealing in jewelry, etc., and containers therefor.

2. That defendant Hugo Bulowa is a stockholder and director holding and owning fifty per cent of the outstanding common stock.

3. That the plaintiff is a stockholder and director owning and holding the remaining fifty per cent of the outstanding stock of said corporation.

4. That the defendant Adolph Bulova is a director and ostensibly holds four shares of stock for the equal benefit of the defendant Hugo Bulowa and the plaintiff, who equally own said four shares.

5. That said Adolph Bulova holds said four shares to render him eligible as a third member of the company's board of directors.

Then follows in paragraphs 6 to 10, inclusive, specific charges against the defendants Hugo Bulowa and Adolph Bulova of the disposition, misuse, appropriation and dissipation of the corporation's properties and assets without plaintiff's knowledge, consent or approval and for the personal benefit of said individual defendants.

By paragraphs 11 and 12 plaintiff claims to have demanded an accounting by said individual defendants of the funds and properties of said corporation so disposed of, and the making of frequent demands for access to the books of the corporation which was refused him by the individual defendants.

Paragraph 14 charges the illegal election of another as a director in place of the plaintiff.

Paragraph 15 alleges that the interests of defendant Hugo Bulowa and the plaintiff as equal stockholders are so discordant as to prevent and preclude efficient management of the affairs of the corporation and that a dissolution and liquidation of the corporation would be beneficial to the interests of the stockholders.

Plaintiff's prayer for relief is, *first*, that the individual defendants be compelled to account for the funds and property of the corporation; *second*, that they be compelled to pay to the corporation all moneys or the value of any property diverted, wasted or destroyed by violation of their duties; *third*, that the corporation be dissolved; *fourth*, that a temporary receiver of the corporation be appointed; *fifth*, that the corporation and its directors be enjoined from exercising corporate powers perpetually and during the pendency of the action; *sixth*, that upon dissolution a permanent receiver be appointed; *seventh*, that the so-called meeting at which another pretended director was elected be declared illegal, and *eighth*, that the plaintiff have such other and further relief as may seem just and equitable.

I agree with the appellants that the complaint and the procedure proposed thereby will not do in an action to dissolve a corporation. (Gen. Corp. Law, §§ 101, 170.)

I think, however, that the complaint should be upheld in either

Second Department, December, 1923.              [Vol. 207

of two aspects, *first,* as an action by a director under sections 90 and 91 of the General Corporation Law, and *second,* as a derivative action by a stockholder.

If the complaint states facts sufficient to constitute a cause of action, the prayer for relief is immaterial on demurrer. As was said in *Mackey* v. *Auer* (8 Hun, 180, 183), approved in *Schenectady Co.* v. *Schenectady Railway Co.* (106 App. Div. 336, 339): " The defendant cannot demur to the prayer for relief. He must demur to the facts alleged." Hence, much of the relief sought can be ignored on this motion, and the relief to which the plaintiff is entitled should be left to the trial court after hearing the proofs in the light of the allegations of the complaint.

As to the plaintiff's right to maintain this action under sections 90 and 91 of the General Corporation Law, I think that for the purpose of testing this complaint on demurrer we may conclude that the plaintiff is still lawfully a director of the defendant corporation. That being so, he has the right under section 91 to bring the action provided for in section 90, which section provides, so far as is now material, as follows:

" § 90. Action against officers of corporation for misconduct. An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires:

" 1. Compelling the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

" 2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties."

Section 91 provides: " Who may bring such an action. An action may be brought, as prescribed in the last section, by the Attorney-General in behalf of the People of the State, or, except where the action is brought for the purpose specified in subdivision third or fourth of that section, by a creditor of the corporation, or by a trustee, director, manager, or other officer of the corporation, having a general superintendence of its concerns."

As to plaintiff's maintaining this action as a stockholder under the theory of a derivative action, I think the complaint may also be upheld on that ground.

True, the complaint is not entitled, as is usually the case in a

derivative action: " Plaintiff suing on his own behalf and that of other stockholders similarly situated." But that description I do not regard as necessary where it appears, as here, that the plaintiff and the two individual defendants hold and own the entire stock and where the individual defendants are obviously hostile to the plaintiff. Nor do I think there is any merit in the contention of the appellants that plaintiff's action may not be considered a derivative one because he has not alleged a demand on the corporation or its directors to commence the action.

Mr. Justice SCOTT in *Godley* v. *Crandall & Godley Co.* (181 App. Div. 75, 76) said that the general rule requiring a demand "'is subject to this exception, that where facts are alleged showing that the demand would be unavailing, a demand is unnecessary.'" The rule so stated is well settled and accepted by the courts of this State. (See *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Hanna* v. *Lyon*, 179 id. 107, 110; *MacLeod* v. *Miller*, 201 N. Y. Supp. 108.) In *Continental Securities Co.* v. *Belmont* (206 N. Y. 7, 19) Judge CHASE, for the court, said: " It is the governing body or bodies of a corporation with power to enforce a remedy to whom complaining stockholders must go with their demand for relief. The governing body of corporations in this State, as we have seen, is the board of directors. A complaining stockholder must go to such board for relief before he can bring an action, unless it clearly appears by the complaint that such application is useless. If the subject-matter of the stockholder's complaint is for any reason within the immediate control, direction or power of confirmation of the body of stockholders, it should be brought to the attention of such stockholders for action, before an action is commenced by a stockholder unless it clearly appears by the complaint that such application is useless."

Giving to this complaint that liberal construction to which on a motion of this character it is entitled, I think it contains facts sufficient to show that a demand upon the corporation or its board of directors to commence this action would be futile and that no attention would be paid by the individual defendants to such a demand.

The order granting motion for judgment on the pleadings should be affirmed, with ten dollars costs and disbursements. The order denying motion to vacate said order should be affirmed, with ten dollars costs.

KELLY, P. J., RICH, MANNING and KELBY, JJ., concur.

Order granting motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. Order denying motion to vacate said order affirmed, with ten dollars costs.