ANTONIO GERMINI, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Defendant, Impleaded with SOUTHERN PACIFIC COMPANY, Appellant.

First Department, May 16, 1924.

Carriers — carriers of goods — action for damages to goods in transit — bill of lading required notice of claim to be served on either initial or delivering carrier — limitation in bill of lading required commencement of action within two years and one day after notice by carrier disallowing claim — limitation clause applies to all carriers — action is barred against initial carrier where summons not served within time limited after disallowance of claim by delivering carrier — Civil Practice Act, § 16, providing that service on defendant united in interest is commencement of action against all defendants is not applicable — connecting carriers are not united in interest — notice of claim filed with delivering carrier is sufficient — complaint cannot be dismissed under Rules of Civil Practice, rule 112, as date of disallowance of claim stated in answer is denied under Civil Practice Act, § 243, and affidavits cannot be considered.

A limitation in a bill of lading issued by an initial carrier that action must be commenced within two years and one day after the day on which notice in writing is given by the carrier to the claimant that the carrier has disallowed the claimant's claim for injury to goods in transit, applies both to the initial carrier and to the delivering carrier.

It is not necessary under the bill of lading that a claim for damages be made in writing to the initial carrier and be rejected by that carrier in order to start the limitation running, but where the notice of claim is filed with the delivering carrier, the limitation commences to run on the day when the delivering carrier rejects the claim and an action against the initial carrier is barred if it is not commenced within two years and a day thereafter.

The connecting carriers are not united in interest with each other within the meaning of section 16 of the Civil Practice Act, and, therefore, an action against the initial carrier is not deemed to have been commenced on the day that the summons was served on the delivering carrier.

The filing of a notice of claim with the delivering carrier is a sufficient compliance with the bill of lading which requires that the notice must be filed with the initial or delivering carrier and, therefore, it is not necessary where the notice is filed with the delivering carrier for the initial carrier to show that the notice was filed with it and the claim disallowed in order to start the running of the limitation.

The complaint cannot be dismissed on the motion made under rule 112 of the Rules of Civil Practice as to the initial carrier on the ground that the action was barred, since the date of the disallowance of the claim and the service of notice thereof on the shipper, which is alleged in the answer, is deemed controverted under section 243 of the Civil Practice Act and is, therefore, a question that must be determined in the action and affidavits cannot be considered on a motion made under said rule but the court is confined in the determination thereof to the pleadings.

APPEAL by the defendant, Southern Pacific Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of December, 1923, denying its motion made under rule 112 of the Rules of Civil Practice, for judgment dismissing the complaint as to it.

*Charles Franklin,* for the appellant.

*Antonio Ferme,* for the respondent.

McAVOY, J.:

A shipment of a carload of grapes was forwarded to the plaintiff in New York during 1920 from California, which was damaged in transit and plaintiff sued the New York Central Railroad Company, the delivering carrier, for the damages accruing because of defendant's negligence in the conduct of the shipment. This suit was commenced in April, 1921, and the defendant Southern Pacific Company was added as a party defendant by the service of a supplemental summons and complaint on October 19, 1923. The Southern Pacific Company was so added as a party defendant in September, 1923, without notice to that company.

The question now presented arises on a motion for judgment dismissing the complaint on the ground that the action was barred by an express limitation for the commencement of the suit con-

tained in the bill of lading governing the shipment. The plaintiff asserts in its opposition to the motion for a dismissal that by virtue of section 16 of the Civil Practice Act the Southern Pacific Company is prevented from effectively urging that the limitation clause had run at the time of the commencement of the suit against it or that such clause bars the action as to that company.

Section 16 of the Civil Practice Act provides as follows: " An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

The argument for this contention is that the Southern Pacific Company was jointly liable with the New York Central Railroad Company on the contract of shipment, and was, therefore, united in interest with such codefendant, and that, therefore, the provisions of section 16 of the Civil Practice Act apply to the situation of these parties.

The bill of lading in question, containing the limitation clause, was issued by the Southern Pacific Company, and in its answer this defendant set up as a separate defense the limitation of the bill of lading which required that suit should be commenced " two years and one day after the day on which notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim."

The bill of lading containing this condition was annexed to and made a part of the Southern Pacific Company's answer.

The provision with respect to filing notice of claim reads: " Claims must be made in writing to the originating or delivering carrier."

The defendant, the New York Central Railroad Company, declined the claim in writing on March 23, 1921, and the Southern Pacific Company relies on the date of this declination as the commencement of the period during which the limitation of action ran for two years and one day, and asserts that the limitation period for bringing suit against the Southern Pacific Company expired six months prior to the date of the service of the summons and complaint upon it.

The learned court at Special Term, which denied defendant's motion, rules that the Southern Pacific Company must show that a claim was filed with it, and declined by it, and since this was not proven, that no defense based upon the contract limitation in the bill of lading was enforcible. The bill of lading, however, does not require that notice of claim should be filed with both the initial

carrier and the delivering carrier, but states as aforesaid that it may be made to either.

We think the limitation clause for the commencement of suit was a bar to recovery against either the connecting or delivering carrier not sued within that period. The clause in full reads: " Suits for loss, damage or injury shall be instituted not later than two years and one day after the day on which notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof, specified in the notice. Where claims for loss, damage or delay are not filed, or suits are not instituted thereon, in accordance with the foregoing provisions, the carrier will not be liable and such claims will not be paid."

The claim covering the shipment was definitely declined by the New York Central Railroad Company, the delivering carrier, in writing on March 23, 1921. The last day on which the plaintiff could have brought his suit against this defendant under the bill of lading involved expired on March 24, 1923. No summons was served on the Southern Pacific Company until October 19, 1923.

The contract limitation is undoubtedly a bar to suit not commenced within its terms.

Section 16 of the Civil Practice Act is not applicable to connecting carriers engaged in interstate commerce shipments. Connecting carriers are not united or jointly interested under the terms of that section in the contract of carriage. The liability of these carriers is not joint and each carrier assumes liability for its own negligence. The initial carrier is entitled to recover, from any connecting carrier on whose line the loss or damage has been actually sustained, the amount of the loss or damage which it may be required to pay to the owners of property, as evidenced by any judgment rendered against the initial carrier. The connecting carrier legally chargeable for the loss of the property is ultimately and solely liable for it.

The common-law liability of the connecting carrier responsible for a loss still persists even though a remedy of procedure against the initial carrier is provided by the Carmack Amendment to the Hepburn Bill amending the Interstate Commerce Act, as amended by the First Cummins Amendment; the Second Cummins Amendment, and the Transportation Act of 1920.*

In the recent decision of the United States Supreme Court in

---

* See 24 U. S. Stat. at Large, 386, § 20, subd. 11, as amd. by 34 id. 593, 595, § 7; 38 id. 1196, 1197, chap. 176; 39 id. 441, 442, chap. 301, and·41 id. 494, § 436 *et seq.* See, also, 24 U. S. Stat. at Large, 386, § 20, subd. 12, as amd. by 34 id. 593, 595, § 7, and 41 id. 494, § 436.— [REP.

the case of *Oregon-Washington Railroad & Navigation Co. v. McGinn* (258 U. S. 409) it was said (at p. 413): "The Cummins Amendment deals with and modifies the common-law liability only of the initial carrier. It renders that carrier liable for loss or damage to the property committed to its care throughout the entire route by which it is billed until delivered to the consignee, but it leaves the relation of all connecting carriers, including the terminal carrier, to the shipper or consignee and to each other, entirely unaffected (*Atlantic Coast Line R. R. Co. v. Riverside Mills,* 219 U. S. 186, 195, 196, 197; *Adams Express Co. v. Croninger,* 226 U. S. 491, 511.) * * *

"The *Blish* case, *supra,* * was against the terminal carrier, and one contention in that case was that under the Carmack (now Cummins) Amendment the shipper's remedy against the initial carrier was exclusive, even where the default claimed was misdelivery by the terminal carrier. In denying this, this court said: 'The connecting carrier is not relieved from liability by the Carmack [Cummins] Amendment, but the bill of lading required to be issued by the initial carrier upon an interstate shipment *governs the entire transportation* and thus fixes the obligations of all participating carriers to the extent that the terms of the bill of lading are applicable and valid.'"

It seems from this holding, since the bill of lading in question provided that notice of claim should be presented either to the originating line (Southern Pacific Company) or to the delivering line (New York Central Railroad Company), that plaintiff's compliance with that condition was made binding upon each one of the carriers which took part in the transportation service performed. It was certainly binding on the Southern Pacific Company which issued and signed the bill of lading. The requirement of the bill of lading that notice of claim should be filed either with the initial or the delivering line did not make the carriers jointly liable nor united in interest in respect to the plaintiff's cause of action. The defendant Southern Pacific Company could not, in the face of the bill of lading issued by it containing the above clause, take the position that the filing of the notice of claim by the plaintiff herein with the delivering line (New York Central Railroad Company) was not a compliance with the conditions of the bill of lading, since it expressly gave the claimant permission to do so. There was no necessity for showing that the Southern Pacific Company had itself received and declined the plaintiff's claim, and hence the separate defense set up in the Southern Pacific Company's answer is valid,

---

* *Georgia, Florida & Alabama R. Co. v. Blish Milling Co.* (241 U. S. 190).— [REP.

as that company may rely on the declination of the claim by its codefendant, New York Central Railroad Company.

Rulings under section 16 of the Civil Practice Act, as it stood in the former Code of Civil Procedure as section 398, provide that where the interest of defendants is not joint, the service of process upon all of the defendants was necessary. This court also held that where the liability of the defendants is not upon the same basis, the section will not apply. It can hardly be claimed that the liability of an initial carrier is the same as that of an intermediate or delivering line. The plaintiff's mistake in failing to sue the initial carrier in the first instance cannot be rectified by the section in question.

In the case of *Moore* v. *McLaughlin* (11 App. Div. 477) the court refused to apply the section, saying: "If a liability in this action existed against them both, it was not upon the same basis."

Respondent, however, claims that inasmuch as the date of declination of claim was decisive in this case, it must be determined as a question of fact by a jury, that no reliance can be placed on affidavits to substantiate such date, and that the motion can only be decided upon the complaint alone. The motion was made under rule 112 of the Rules of Civil Practice, which permits determination upon the pleadings, not upon the complaint alone. (*Farnham Realty Corp.* v. *Posner*, 200 App. Div. 827, 828.) The grounds of the motion to dismiss were based upon the allegations of the complaint, and this defendant's answer thereto. Copies of the claim and carriers' declination were annexed to and made a part of the answer.

The date of said letter of declination, or the receipt thereof, by the attorneys for the plaintiff herein, however, are deemed controverted under section 243 of the Civil Practice Act, and since under rule 112 of the Rules of Civil Practice affidavits cannot be considered, the proof of the date of claim and its declination must be disregarded.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Merrell, Finch and Martin, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.