DAVID WARSHAWSKY, Appellant, *v.* DOUGLAS L. WARD and Another, Respondents, Impleaded with LONDON TERRACE CORPORATION, Defendant.*

First Department, November 6, 1931.

* Revg. 139 Misc. 793.

*Eugene M. Hawkins* of counsel [*Harry Sesan* with him on the brief], for the appellant.

*Walter H. Bond* of counsel [*Bond & Babson*, attorneys], for the respondents.

SHERMAN, J. This appeal presents a somewhat technical question. The motion is for judgment on the pleadings, made by defendants Ward, and was granted to the extent that the complaint was dismissed. Judgment on their counterclaim, however, was not granted because the material allegations thereof were denied by plaintiff's reply.

The pleadings only may be considered. The complaint sets forth two causes of action. In each it is averred that the moving defendants assigned to the plaintiff the unexpired term of a lease. This averment is denied in the answer which affirmatively pleads that plaintiff became a subtenant under a distinct agreement, which is attached to the answer. If that writing constitutes the sole agreement between the parties, plaintiff did not become the assignee of the lease. However, these affirmative allegations of the answer are deemed to be denied, and cannot be considered in determining whether or not the complaint sets forth a cause of action. Respondents point to plaintiff's bill of particulars as admitting the agreement, but the bill of particulars asserts that the writings annexed to the answer do not completely set out the terms of the agreement theretofore made, were prepared by the representative of respondents, and that plaintiff is unable to set forth a copy of the memorandum of agreement because it has been lost or mislaid and plaintiff has been unable to find it.

Therefore, the issue presented by the averment in the complaint and the denial in the answer remains and cannot be disposed of except upon a trial.

Furthermore, the second cause of action seeks damages for a fraudulent misrepresentation and presents a triable issue.

After the entry of the order below dismissing the complaint as to defendants Ward, an application was granted for the severance of the action so that it might be continued against the remaining defendant. That order cannot survive the reversal of the prior

order and judgment whereunder the complaint had been dismissed as against defendants Ward.

The appeals having been taken from both orders and from the judgment, the orders and judgment so appealed from should be reversed, with costs, and the motions denied, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment and orders reversed, with costs, and motions denied, with ten dollars costs.