ANNA SARAGOVITZ, Plaintiff, *v.* MAX COHEN and Others, Doing Business under the Assumed Name and Style of BUFFALO RADIO ENGINEERING LABORATORIES, and Another, Defendants.

Supreme Court, Monroe County, April 27, 1933.

*Hyman B. Freeman,* for the plaintiff.

*Jacob Rosenzweig,* for the defendant Max Fogel.

*Crittenden & Crittenden,* for the defendants Max Cohen and Fannie Cohen.

CUNNINGHAM, J. Upon these motions affidavits will not be considered, only the pleadings being before the court. (Rules Civ. Prac. rule 112; *Germini* v. *New York Central R. R. Co.*, 209 App. Div. 442, 447.)

All the pleadings are before the court upon these motions. (*Richardson* v. *Gregory*, 219 App. Div. 211; affd., 245 N. Y. 540.)

Of course, when a motion is made by a defendant for judgment upon the pleadings, he admits that the allegations of the complaint are true, except as modified by a bill of particulars or other pleading of the plaintiff.

When a reply is not required, the new matter set forth in the answer is deemed controverted. (Civ. Prac. Act, § 243; *Germini* v. *New York Central R. R. Co., supra.*)

Even though the new matter in the answer constitute a counterclaim, if it is not named and pleaded as such, the plaintiff may controvert it without serving a reply. (*American Guild* v. *Damon,* 186 N. Y. 360.)

The agreement entered into between the defendant Max Cohen and the defendants Morris Fogel and Max Fogel having been made a part of the bill of particulars, it is properly before the court upon these motions. It appears therefrom that the defendant Max Fogel did not agree to pay the notes in suit herein, but did agree to indemnify the party of the first part against loss as a result thereof. Therefore, the complaint, as modified by the bill of particulars, does not state a cause of action against the defendant Max Fogel. The defendants Cohen insist that Max Fogel be retained as a party defendant in this action in order that his liability to them may be determined. However, to make Max Fogel a proper party defendant, there must be a pleading alleging the claim of the defendants Cohen against the defendant Max Fogel, and there is not any such pleading in this action. (Civ. Prac. Act, § 193, subd. 2; *Nichols* v. *Clark, MacMullen & Riley, Inc.,* 261 N. Y. 118.)

The motion is granted as to the defendant Max Fogel.

The complaint alleges that the defendant Max Cohen is the record owner of the mortgaged premises. This makes Max Cohen and his wife proper parties to the foreclosure action. (Civ. Prac. Act, § 1079, subd. 1, pars. 1, 4.)

Therefore, as the complaint states a cause of action against such defendants, it will not be dismissed as to them. (*Traub* v. *Arrow Mfg. Corp.,* 207 App. Div. 292, 296.)

In that case the court holds that the prayer for relief is immaterial on defendant's motion for judgment on the pleadings, saying, " much of the relief sought can be ignored on this motion, and the relief to which the plaintiff is entitled should be left to the trial court after hearing the proofs in the light of the allegations of the complaint."

Moreover, I am of the opinion that the right of the plaintiff to a deficiency judgment against the defendants Cohen and the questions arising upon their defenses thereto, should not be passed upon until the issues have been tried and all the facts placed before the court.

The motion of the defendants Cohen is denied, with ten dollars costs to the plaintiff to abide the event of the action.