Clarence O. Lewis, Appellant, *v.* The City of Lockport, N. Y., Respondent.

Fourth Department, May 26, 1937.

*J. Carl Fogle*, for the appellant.

*Daniel J. Kenefick, Jr.*, for the respondent.

Lewis, J. The appeal is from an order and judgment dismissing the plaintiff's complaint upon defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

A contract for constructing a drain and water pipe along Lincoln avenue in the city of Lockport was awarded, after competitive bidding, for $95,521. It was completed at a total cost of $195,639.47. The marked difference between the contract price

and the cost of completion was due chiefly to the fact that rock was encountered on the site of the work where earth and sand had been anticipated.

The plaintiff — whose property has been assessed for a share of the final cost of the improvement — alleges that although the assessment was apparently valid upon its face, it was in fact illegal for the reason, among others, that the additional rock excavation was accomplished without competitive bidding by awarding extra compensation to the contractor in violation of article 3, section 28, of the State Constitution which prohibits a common council from granting extra compensation to a contractor.

Asserting that he has no adequate remedy at law, the plaintiff has chosen as his remedy a suit in equity to remove as a cloud on title the lien of the assessment thus challenged.

The plaintiff admits that he failed to avail himself of the statutory right to review by appeal either the ordinance directing the local improvement or the order of the common council confirming the assessment for its ultimate cost. Such right to review is granted by the Lockport City Charter (Laws of 1911, chap. 870), which provides:

" § 246. Appeals to County and Supreme Courts. An appeal may be taken within twenty days from the time of the first publication of every ordinance directing any local improvement, to the County Court of the county of Niagara; and in case the county judge of said county shall be interested in any such local improvement, he shall certify such appeal to the Supreme Court of the judicial district in which said city is located. An appeal may in like manner be taken to said County Court or Supreme Court from any local assessment and the order confirming the same, within twenty days from the confirmation of such assessment."

" § 249. Determination on appeal. Upon the hearing of the appeal the appellate court shall hear and determine all questions as to the legality or regularity of the matter or proceedings appealed from, and if such matter or proceedings appear to be not in accordance with law, said appellate court shall give judgment setting aside, vacating and annulling the same, and the same shall thereafter be held and deemed illegal and invalid; but if such matter or proceedings appear to be in accordance with law, said appellate court shall give judgment affirming the same."

The Special Term has ruled that these broad charter provisions afforded plaintiff an adequate remedy at law which was exclusive in scope and that the failure by plaintiff to avail himself of the statutory remedy of appeal has deprived him of a right to relief in equity which he now seeks.

The correctness of that view depends upon whether the defects upon which plaintiff challenges the assessment were irregularities or jurisdictional.

If the alleged defects were mere irregularities — instances where officers had power to act but erred in the exercise of that power — the plaintiff's only relief was to pursue strictly the statutory remedy by which the acts of defendant's officers could have been reviewed. (*Matter of Donner-Hanna Coke Corp.*, 212 App. Div. 338, 341; affd., 241 N. Y. 530; *People ex rel. Soeurbee, Inc.*, v. *Purdy*, 179 App. Div. 748, 750; affd., 222 N. Y. 657; *National Bank of Chemung* v. *City of Elmira*, 53 id. 49, 58.)

If, however, the defects alleged are jurisdictional — involving the power of the municipal authorities to order the improvement and to enforce an assessment for its final cost — equity will afford relief. (*Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87, 91; *Jex* v. *Mayor, etc., of New York*, 103 id. 536, 540, 541; *Matter of Donner-Hanna Coke Corp.*, supra, p. 341; *Horse Aid Society* v. *Town of New Castle*, 241 App. Div. 628.)

In our consideration of the question whether the defect in the assessment alleged in the complaint is jurisdictional, the scope of our inquiry is limited by the fact that the question arises upon a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice. Consequently we cannot go beyond the face of the pleadings for facts. (*Warshawsky* v. *Ward*, 233 App. Div. 390, 391; *Merchants Loan & Investment Corp.* v. *Abramson*, 214 id. 252, 253; affd., 242 N. Y. 587; *Germini* v. *New York Central Railroad Co.*, 209 App. Div. 442, 447.) We are thus uninformed as to important items of the contract entered into by the defendant municipality by which work, labor and materials for the local improvement were furnished. For example, as bearing upon the single defect in the assessment argued before us, the pleadings do not define the agreed conditions, if any, under which payment could have been made for the extra work of rock excavation performed by the contractor by direction of the city's supervising authorities. Furthermore, in considering motions of this character we must proceed upon the assumption that all facts alleged in the pleadings are true. (*Clark* v. *Levy*, 130 App. Div. 389, 392; *Felt* v. *Germania Life Ins. Co.*, 149 id. 14, 16; *Seely* v. *Seely*, 164 id. 650, 652.)

Accordingly we must accept as true plaintiff's allegations that the contract for the construction of the improvement was not founded upon sealed bids or proposals and was not duly advertised as required by law, particularly in respect to rock excavation, as to which the cost thereof, amounting to approximately fifty per

cent of the entire assessment, was arbitrarily fixed without advertisement and without bids being received therefor, as required by law; that the contract entered into by the defendant was a lump sum contract for the completion of the improvement for the sum of $95,521, and that defendant awarded extra compensation to the contractor in the amount of $93,611.06 for rock excavation.

Upon the present record and under limitations already noted, which the law places upon our determination of defendant's motion, we conclude that the defect in the assessment urged by the plaintiff is jurisdictional and accordingly that the present action in equity will lie to remove the lien of the assessment as a cloud upon title to plaintiff's property.

We are led to that conclusion by the ruling in *Mutual Life Insurance Co.* v. *Mayor, etc., of New York* (144 N. Y. 494) where the facts involved are closely analogous to those alleged in the pleadings now before us. There, as in the instant case, the plaintiff challenged the validity of an assessment for the cost of constructing a sewer in a city street, upon the ground that the major portion of the cost of the improvement was for rock excavation which had not been the subject of competitive bidding; there, as here, the plaintiff alleged that the assessment when made was apparently valid upon its face and that it was then ignorant of defects which it later asserted in the action. In determining the question involved the Court of Appeals ruled (at p. 496): " The only question is whether the omission to comply with the statute in this respect is a jurisdictional defect. The plaintiff cannot maintain the action to recover the assessment paid, if the defect is simply an irregularity, which renders the assessment voidable or erroneous. The municipal authorities in imposing the assessment acted judicially, and their determination is in the nature of a judgment which cannot be attacked collaterally on account of mere errors or irregularities, but in a direct proceeding to review it.

" When such an assessment has been made with jurisdiction, and the property owner has paid, he cannot recover back the payment until the assessment has been vacated or set aside in some appropriate proceeding. [Citing cases.]

" But this rule does not apply to defects in the proceeding which render the assessment void for want of jurisdiction. [Citing cases.] The whole assessment in this case was not void, but so far as the expense for rock excavation entered into it we think it was. There can be no doubt, under the authority of the above cases, that to the extent that this item entered into it, the court would have

vacated or set it aside as having been imposed without legal authority. There was no power to impose a burden upon the plaintiff's property for the expense of rock excavation in the construction of a sewer until the cost of such work had first been ascertained and fixed by the process of competitive bidding pointed out by the statute. The object of the statute was to protect the property owned against fraud or extravagant prices for the work, and all the statutory safeguards designed to secure that end must be substantially complied with in order to obtain jurisdiction to impose the assessment. When the expense has been fixed by agreement between the contractor and the officers of the city, as in this case, in disregard of the plain requirements of the statute, there is no legal basis for the assessment, and no legal authority to make it. * * * Every substantial requirement of the statute intended for the benefit and protection of the property owners must be complied with or the assessment will be void. The plaintiff having paid the assessment in ignorance of these defects, it cannot be said that it was a voluntary payment. The defect consisted in the execution of a contract for the work without authority, and it did not appear upon the face of the assessment, but depended upon facts outside of it, so that the plaintiff in making the payment is not chargeable with notice of the invalidity of the assessment."

Tested by the ruling last quoted above we believe that the pleadings now before us allege a jurisdictional defect in the assessment — a defect of such a character that sections 246 and 249 of the Lockport City Charter do not provide the sole remedy of the plaintiff. This is not an instance where defendant's officers had power to act but erred in the manner of performance. Under the allegations of the complaint we deal with facts which indicate lack of power to make the assessment now challenged. The authorities to which reference has been made do not limit plaintiff's remedy to a direct attack upon the assessment by prescribed statutory procedure. He may subject the assessment to collateral attack by a suit in equity such as he has now chosen.

In that connection it is to be noted that the language employed in section 246 of the Lockport City Charter is permissive: "An appeal *may* be taken within twenty days." There is a significant difference between the permissive right of appeal thus afforded the plaintiff and the exclusive statutory provision for the review of assessments which was considered in *Oak Hill Country Club* v. *Town of Pittsford* (264 N. Y. 133, 138) and kindred cases cited by respondent.

The order and judgment from which appeal is taken should be reversed on the law, with costs, and defendant's motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs.