SYRACUSE CENTER OF JEHOVAH'S WITNESSES, INC., Plaintiff, *v.* CITY OF SYRACUSE and Another, Defendants.

Supreme Court, Onondaga County, June 30, 1937.

*Morris Garber*, for the plaintiff.

*James C. Tormey, Corporation Counsel*, for the defendant city of Syracuse.

CROSS, J. This is an action to have a tax levied by defendants for the year 1936 on property owned by plaintiff, canceled as a cloud on title, based upon the claim that the property is exempt from taxation under the provisions of section 4 of the Tax Law of the State of New York.

The defendants contend that this form of action will not lie and that plaintiff's right to relief is conditioned upon proof that a notice of claim and intention to sue was first served as provided in section 244 of the Second Class Cities Law and section 250 of the Charter of the City of Syracuse (Laws of 1885, chap. 26, as amd. by Laws of 1905, chap. 682). In my opinion, the property is exempt by law from taxation and the assessors were without jurisdiction in making the assessment; in such case a collateral action in equity to remove the lien of the assessment as a cloud on title will lie. (*Lewis* v. *City of Lockport*, 251 App. Div. 159; *Board of Education of Union Free School District No. 6 of Town of Greenburgh* v. *Town of Greenburgh*, 250 id. 691; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87.)

The plaintiff was incorporated under the provisions of the Membership Corporations Law of the State of New York, in May, 1936. The purposes of the corporation, as set forth in the certificate of incorporation are: "The dissemination of Bible Truths in various languages by means of the publication and distribution of books, tracts, pamphlets, and other documents; by the use of radio and other sound equipment; and by the use of all other lawful means which its Board of Directors, duly constituted, shall deem expedient for the purposes stated. The maintaining and conducting of classes for the gratuitous instruction of men, women and children in the purposes of the Creator, Jehovah, God, as revealed

in His Word, the Bible; the gratuitous teaching, training and preparing of men and women as preachers of the Gospel, and as lecturers on the Bible; the acquiring of title to real estate and buildings for the purpose of providing and maintaining a home, building or buildings for the housing, sheltering and boarding of such students, lecturers, teachers and ministers without profit to the corporation; the preparation, supporting, maintaining and sending out to various parts of the world, missionaries, teachers, and instructors in the Bible and Bible literature; and for the public worship of Almighty God through obedience to His laws and His commandments."

The plaintiff asserts that the premises in question are used solely and exclusively for the furtherance of the purposes of the corporation as outlined in its certificate of incorporation; that the use of the property is necessary and proper as a place of worship, and as a home and shelter to take care of the material needs of the persons engaged in furthering the purposes of the corporation.

The defendant, on the other hand, takes the position that the property is not being used exclusively for religious and educational purposes but rather as a boarding house for some twenty-five or thirty persons who pay rentals for the right to live on the premises in question.

The plaintiff's claim for exemption *in toto* is based upon the provisions of section 4, subdivision 6, of the Tax Law, the pertinent portions of which follow: " The real property of a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes  *  *  *  or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes  *  *  *  shall be exempt."

This section further provides: " The real property of any such corporation or association entitled to such exemption held by it exclusively for one or more of such purposes and from which no rents, profits or income are derived shall be so exempt,  *  *  * The real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes but leased or otherwise used for other purposes, shall not be exempt, but if a portion only of any lot or building  *  *  *  is used exclusively for carrying out thereupon one or more such purposes  *  *  * such lot or building shall be so exempt only to the extent of the portion so used and the remaining or other portion  *  *  *  shall be subject to taxation."

It appears that the plaintiff's premises are used and occupied by certain individuals, one class of which, known as " Pioneers " and " Auxiliaries," pays the sum of ten dollars per month, and another class, the " Company Workers," pays the sum of fifteen dollars per month to the plaintiff for board, room, laundry, lights and heat. The plaintiff asserts that in every instance these persons, in addition to paying the sums mentioned, are further required to perform certain " field service " for definitely prescribed periods, which field service consists of carrying on the general purposes of the corporation. The financial statement of the plaintiff for the period beginning January 1, 1936 and ending December 31, 1936, shows that the sum of $3,011.78 was realized from the rent of rooms and sale of food to the classes of people above mentioned. The plaintiff's expenses for the same period included the following:

| | |
|---|---:|
| For food | $1,879 62 |
| Help | 513 34 |
| Repairs and improvements | 1,063 99 |
| Fuel | 497 71 |
| Electricity | 196 03 |
| Gas | 75 93 |
| Water | 37 68 |
| Total | $4,264 30 |

Contributions during the same period amounted to the sum of $1,502.60. Had it not been for the receipt of these contributions, the plaintiff would have operated at a loss during the period mentioned.

From these facts, there appears no primary or motivating purpose on the part of the plaintiff to carry on its operations and activities for material gain. While the aggregate amount received for rooms and board is a considerable sum of money, yet the charges made to each individual for the services can only be considered nominal.

Obviously, it is the nature of the use of the real property which controls the question as to whether a particular piece of property owned by a corporation organized for purposes contemplated by section 4, subdivision 6, of the Tax Law is in fact exempt. This fact is succinctly stated in the case of *People ex rel. Young Men's Assn.* v. *Sayles* (32 App. Div. 197, at p. 202; affd., 157 N. Y. 677) as follows: " It is the exclusive use of the real estate for carrying out thereupon one or more of the purposes of the incorporation of the

relator which confers the right of exemption, and not the benefits accruing to it and its useful work from the income derived from others in consideration of their use of the real estate for their purposes."

The term " used exclusively for carrying out thereupon one or more of such purposes," as used in the Tax Law, should not be given too literal a construction. Use of the corporate property for purposes partaking of the nature of the material rather than the spiritual, does not in and of itself deprive the corporation of its right to exemption. It does not appear that the plaintiff's premises were held out to the general public as a hotel or boarding house or that they were rented for purposes of profit to individuals or corporations for purposes wholly apart from the general purposes of the corporation. The use of the premises by workers and members of the plaintiff organization as a headquarters or even as a resting place during the carrying out of the work of the plaintiff was an inherent part of the work of the plaintiff and necessarily followed from the performance of the duties and activities incident to the carrying out of the corporate purpose. The fact that a nominal sum was required to be paid by the workers to help defray the expenses does not deprive the plaintiff of the right to tax exemption. This has been held to be true by other courts in analogous cases. (*Matter of Mary Immaculate School*, 188 App. Div. 5; *Matter of Syracuse Young Men's Christian Assn.*, 126 Misc. 431.)

This is not a situation where rents and profits obtained from use of the building for purposes other than the benevolent or religious purposes of the owner, are used for the carrying out of the owners purposes. If it were, then the right to exemption would be lost. (*Matter of Syracuse Young Men's Christian Assn., supra.*)

The power to exempt property from taxation is a prerogative of the Legislature and not of the courts. The plaintiff comes within the purview of the exempting statute. It is the duty of the court to construe the statute in its application to the facts. The court cannot supersede or contravene the legislative mandate unless it is repugnant to the Constitution. That question does not arise in this suit.

I am of the opinion that the property of the plaintiff was used exclusively for the purposes for which the corporation was organized, and that these purposes come within the classes or organizations to which the exemption is made applicable by the Tax Law.

Judgment accordingly.