ELMER E. BOGART et al., Appellants, *v.* COUNTY OF WESTCHESTER et al., Respondents.

Second Department, December 28, 1945.

*Leo T. Kissam* (*Joseph F. Murray* and *Charles E. Powers* with him on the brief), for appellants.

*William F. Bleakley* (*William A. Davidson, County Attorney; Frank J. Claydon* with him on the brief), for respondents.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Wendell P. Brown, First Assistant Attorney-General,* and *John C. Crary, Jr., Assistant Attorney-General* of counsel), appearing under section 68 of the Executive Law.

*Charles C. Collins* for American Automobile Association, *amicus curiæ.*

HAGARTY, Acting P. J. Plaintiffs, who are citizens, residents and taxpayers of the State of New York, seek judgment declaring that chapter 594 of the Laws of 1945, hereinafter referred to as the Act, is unconstitutional, and restraining the County of Westchester, hereinafter referred to as the county, its Board of Supervisors, Park Commission, and County Executive from enforcing it.

The Act authorizes the county to collect tolls for passage of motor vehicles on described portions of Hutchinson River and Saw Mill River parkways, hereinafter referred to as the parkways, and directs payment by the State to the Federal Government out of a designated fund consisting of all money due by reason of advances made by the Federal Government to pay the cost of construction of the whole or any part of these parkways in the county. It provides for payment to the county from the moneys so collected of that portion of the obligations of the county which have been or will be assumed by it for construction, maintenance and improvement of said portions of the parkways, of obligations incurred by the county for reimbursement of the State for its payment to the Federal Government, of all advances by the county toward the construction of the whole of the parkways and of the cost of maintenance of the described portions of the parkways.

These provisions, as well as others, having to do with construction and maintenance of toll booths, fixation of amount of tolls, and issuance of obligations of the county to repay either the State or the Federal Government the amount of moneys due by reason of advances by the State for the Federal Government, are fairly summarized in the title of the Act, which reads: "AN ACT authorizing the state of New York to pay certain moneys to the United States of America; providing for the reimbursement of such moneys to the state by the county of Westchester; appropriating moneys in the postwar reconstruction fund not otherwise appropriated for such payment to the United States of America; authorizing the county of Westchester to issue bonds for the purpose of reimbursing the state; authorizing and providing for the collection of tolls on and over a portion of the Hutchinson river parkway and on and over a portion of the Saw Mill river parkway, both within the county of Westchester; authorizing installation of necessary toll stations and equipment in connection therewith and providing for the disposition of the tolls so collected",

The Act is dominantly a local bill in that a major objective is to enable the county in its corporate capacity to recoup moneys which it has expended on the parkways. It is not, however, violative of section 15 of article III of the Constitution of the State of New York, which prescribes that no local bill " shall embrace more than one subject, and that shall be expressed in the title." " An act may include such provisions as are incidental to its main purpose and subject as expressed in the title of the act, unless such incidental provisions are so foreign to its main purpose and subject as to mislead and deceive or tend to mislead and deceive the members of the Legislature or the public." (*People ex rel. Olin* v. *Hennessy,* 206 N. Y. 33, 39.)

The provision for reimbursement of the Federal Government is closely related to and in furtherance of the prime purpose of the bill, namely, to place the burden of construction and maintenance on the passing motorist. Although the Act does not expressly so state, the implication is clear that the Federal Government is to be reimbursed in order to remove a possible obstacle to collection of tolls presented by section 9 of the Federal Highway Act (U. S. Code, tit. 23, § 9) which reads: " All highways constructed or reconstructed under the provisions of this chapter shall be free from tolls of all kinds." Instinct in the Act is a requirement that repayment to the Federal Government be accomplished on condition that the latter lawfully and validly release the parkways from the operation of Federal statutes.

The prospective transaction is not violative of section 8 of article VII of the Constitution of the State of New York. It is not a gift or loan by the State to a private corporation or association or a private undertaking; nor does the provision for reimbursement by the county to the State serve to convert the transaction into a loan of the credit of the State to a public corporation. The State is at liberty, without expectation of compensation from the county, to attempt to undo by repayment any previous conditional grant of Federal aid or even to make a gift to the Federal Government. So, too, the State, irrespective of such repayment or gift, has the power to refund moneys expended by the county for the parkways. (*People ex rel. Lucey* v. *Molloy,* 35 App. Div. 136, affd. on opinion below 161 N. Y. 621.) As the lawfulness of neither the transaction nor the refund depends on reimbursement of the State by the county, the credit of the State is not being utilized on behalf of a public corporation, even if it be assumed that the county comes within that category.

In addition to invoking the constitutional provisions above considered, the plaintiffs argue that there is no authority in any officer, department or agency of the United States Government to accept payment from the State of New York as provided by the Act and to overcome the prohibition in the Federal Highway Act against tolls.

It is beyond dispute that the proposed exaction of money from travelers on the parkways, who would be prohibited from using them unless they paid, as admitted in the answer, is a toll, characterized as such in the Act, which is within the scope of section 9 of the Federal Highway Act.

The nature of the motion requires us to accept as true the allegations of the complaint that the parkways or some portions thereof were constructed or reconstructed with the aid of Federal funds allocated thereto under the Federal Highway Act and upon the agreement of the State that said parkways would be and remain subject to the provisions of said Federal Highway Act. (*Lewis* v. *City of Lockport,* 251 App. Div. 159, 161; *Lipkind* v. *Ward,* 256 App. Div. 74, 75.) Alleged facts set forth in the answer, inclusive of those to the effect that the proposed tolls will be collected on portions of the parkways constructed with county moneys and that access from extensions built with Federal moneys will be afforded to other roads on which no tolls will be collected, cannot be considered. (Civ. Prac. Act, § 243; *Germini* v. *New York Central Railroad Co.,* 209 App. Div. 442, 447; *Town of Potsdam* v. *Ætna Casualty & Surety Co.,* 218 App. Div. 27, 29.) "The defendant admits the truth of all the material allegations of fact in the pleading attacked, but not the legal conclusions drawn by the pleader, nor the pleader's interpretation of the statutes involved." (*McCormick* v. *Westchester Lighting Co.,* 142 Misc. 27.)

In brief, on this motion we must assume that the parkways, by operation of a Federal statute, are "free from tolls of all kinds." Even so, the complaint is insufficient. The Act [§§ 2, 10] provides, in effect, that tolls shall not be collected until February 1, 1946, and then only upon the filing of a certified copy of a resolution adopted by the County Board of Supervisors requesting the State to pay the Federal Government the money advanced by the latter for construction of the parkways. The contention of plaintiffs, in substance, is no more than a prophecy that any attempt by the county to collect tolls will be unlawful for the reason that the State will be unable to procure a lawful and valid release of the parkways from the operation of Federal statutes. Plaintiffs do admit that such release can be accom-

plished by an Act of Congress. The force and effect of any claimed Federal release remains for future determination, if necessary. The allegations of the complaint do not warrant a judgment declaring the Act to be unconstitutional or enjoining its enforcement.

The order and judgment dismissing the complaint should be affirmed, with $10 costs and disbursements.

CARSWELL, JOHNSTON and LEWIS, JJ., concur; ADEL, J., concurs, with the following memorandum: The question of whether the county may be relieved of the obligation to maintain the highways in question " free from tolls of all kinds " by the proposal to repay the sum equivalent to the Federal grant used to construct, reconstruct or extend the highways, is not before the court at this time.

Order dismissing the complaint, and the judgment entered thereon, unanimously affirmed, with $10 costs and disbursements. [See *post*, p. 810.]