■ Tom Kerrigan, Respondent, v John Kenny, Appellant. —In an action to obtain the renewal of a residential lease, the defendant appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated June 14, 1984, which granted the plaintiff's motion for summary judgment.

Order affirmed, with costs.

In May 1983 the defendant, in reliance on Code of the Rent Stabilization Association of New York City, Inc. § 54 (B), which allowed landlords who acted in good faith to refuse to renew a residential lease on a rent-stabilized apartment when the landlord required the apartment for his own personal use or for that of his immediate family, informed the plaintiff that his lease would not be offered for renewal since the apartment was needed for the defendant's adult son. However, section 54 (B) had been repealed by Laws of 1982 (ch 555, § 6) and the plaintiff's right to the renewal lease vested while section 54 (B) was nonexistent. The defendant challenges the constitutionality of Laws of 1982 (ch 555, § 6) under NY Constitution, articles III, § 15, and I, §§ 6 and 7, as well as the US Constitution 14th Amendment.

NY Constitution, article III, § 15 states: "No private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title".

Laws of 1982 (ch 555) is titled: "AN ACT to amend the general business law and the administrative code of the city of New York, in relation to the conversion of residential property to cooperative or condominium ownership in the city of New York and repealing section three hundred fifty-two-eeee of the general business law and paragraph nine of subdivision c of section YY51-6.0 of the administrative code of the city of New York relating thereto".

The parties agree that the statute in question is a local act since it is one which operates within a limited territory or specified locality, in this instance New York City (see, McKinney's Cons Laws of NY, Book 1, Statutes § 3 [f] et seq.; People

*ex rel. Clauson v Newburgh & Shawanqunk Plank Rd. Co.,* 86 NY 1; *Matter of Paul,* 94 NY 497).

The purpose of requiring local bills to cover only one subject is to prevent any potential misleading of the public by gathering more than one purpose together in one bill, while the title reflects a single subject. Thus, the State Constitution seeks to avoid passage of less popular measures by discretely joining them with more popular ones *(see, Economic Power & Constr. Co. v City of Buffalo,* 195 NY 286). Accordingly, the bill's title should have the effect of informing the Legislature and public what subject is covered in a particular bill.

Further, a local act may include provisions related or incidental to its main purpose *(see, Bogart v County of Westchester,* 270 App Div 274, *appeal dismissed* 296 NY 701). In the instant case the statute in question embraces but one subject, the conversion of residential properties into condominium or cooperative ownership, and that subject is reflected in the title. Thus, it is not violative of NY Constitution, article III, § 15.

Similarly, the Laws of 1982 (ch 555, § 6) is not violative of the NY Constitution, article I, §§ 6 and 7 nor the US Constitution 14th Amendment. Despite the defendant's claim to the contrary, the statute in question does not prohibit all manner of reentry since several options remain open to landlords and they are not deprived of all control of their property. Under the circumstances of this case, it appears that the legislation was a proper exercise of the State's police power. Finally, since the defendant was required to maintain the plaintiff's tenancy, he has suffered no economic loss based on the statute. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.