OPINION OF THE COURT
Frank P. Ñervo, J.
Motion sequence Nos. 001 and 002 are combined for disposition in the following decision and order.
In motion sequence No. 001, plaintiffs move for summary judgment declaring Local Law No. 152 (2013) of City of New York § 1 et seq. (Local Law 152), unconstitutional as it violates the single subject rule contained in NY Constitution, article III, § 15, Municipal Home Rule Law § 20 (3) and New York City Charter § 32.
In motion sequence No. 002, defendants move to dismiss plaintiffs’ complaint.
The court has considered the affirmations in support of each motion, the opposition affirmations and the memorandums of law. On reading those papers it is ordered that plaintiffs’ motion for summary judgment is denied; and it is further ordered that defendants’ motion for summary judgment is granted and the complaint is dismissed, with costs; and it is further ordered that defendants’ attorney shall serve a copy of this order with notice of entry and proof of service on the Clerk of the Trial Support Office who shall mark the court’s records to reflect the dismissal; and it is further ordered that defendants’ attorney shall serve a copy of this order with notice of entry and proof of service on the County Clerk who shall also mark his records to reflect the dismissal and enter judgment accordingly, including costs as taxed by the Clerk.
Plaintiffs, an individual and NY C.L.A.S.H., an acronym for New York Citizens Lobbying Against Smoker Harassment, bring this action seeking declaratory and injunctive relief on the ground that Local Law 152 is ultra vires and unconstitutional.
Local Law 152 is a law “to amend the administrative code of the city of New York, in relation to the regulation of electronic cigarettes.” The law amends various sections of the Administrative Code of the City of New York to impose the same restrictions on the use of electronic cigarettes (e-cigarettes), as the restrictions on the use of conventional cigarettes. That ban prohibits smoking in restaurants, bars, offices, government buildings, stores and various other public places. In particular, *663 Local Law 152 amends Administrative Code of the City of New York § 17-503 (a) to read:
“§ 17-503 Prohibition of smoking and use of electronic cigarettes.
“a. Smoking [is], and using electronic cigarettes, are prohibited in all enclosed areas within public spaces.” (Italics in the original, indicating amendment.)
Plaintiffs allege that as Local Law 152 prohibits smoking and the use of electronic cigarettes, the law contains two subjects; therefore, they argue, the law violates the single subject rule.
The rule, in its present form, is contained in the constitutional provision, statute and City Charter provision on which plaintiffs rely. Each uses similar language: a law may “embrace” only one subject.
The single subject rule, as the name states, is designed to prevent logrolling; that is, concealing one legislative act within another. (Burke v Kern, 287 NY 203, 213 [1941].) The rule was created in response to Aaron Burr persuading the legislature to grant him a charter for a water company which was hidden in a bill enabling him to found a bank. (Id., citing Matter of Clinton Ave., 57 App Div 166 [1901].) The rule’s purpose is “to prevent the uniting of various objects having no necessary or natural connection with each other.” (Conner v Mayor of City of N.Y., 5 NY 285, 293 [1851].) However, a law complies with the rule where the law’s objectives “are naturally connected with the subject-matter and the title [of the law and] apprise the reader of what may reasonably be expected to be found in the statute.” (Burke v Kern at 213; see also Matter of Highview Estates of Orange County, Inc. v Town Bd. of Town of Montgomery, Orange County, N.Y., 101 AD3d 716, 720 [2012].)
Local Law 152 meets the test articulated in Burke v Kern and does not violate the single subject rule.
The law’s title unequivocally states its purpose is to amend the Administrative Code to regulate electronic cigarettes. (See Kerrigan v Kenny, 121 AD2d 602 [1986].) The legislative findings recite the potential hazards of such devices and that the purpose of the law is to prohibit their use in proscribed places and to facilitate the already existing Smoke-Free Air Act. Given this recitation, the public cannot be deceived about the purpose of the law. Moreover, all the provisions of the law show a single purpose; that is, to regulate e-cigarette consumption in the same manner as the law regulates tobacco burning cigarettes. *664 Both are nicotine delivery devices and both are being prohibited, with some statutorily defined exceptions. Thus, the law does not conceal unrelated matters. Local Law 152, as the City Council’s legislative findings state, is to prevent the interference with and enforcement of the already existing Smoke-Free Air Act. The findings state that the use of electronic cigarettes is visually similar to the smoking of cigarettes
“and has already been observed in locations where smoking is prohibited, creating concern and confusion that threatens the enforcement of the Smoke-Free Air Act. The use of electronic cigarette devices in places where smoking is prohibited may increase the social acceptability of smoking, particularly for youth, potentially undermining the enormous progress that has been made over the years in discouraging smoking.”
Reading the title of the law, the Council’s findings and the body of the law, one can readily see that the sole purpose of that law is to treat conventional and e-cigarettes in the same manner. The components of the law are naturally connected. (Highview Estates of Orange County, Inc. v Town Bd. of Town of Montgomery, Orange County.) Regulating both devices in a single piece of legislation does not violate the one subject rule. Separate pieces of legislation are not required to regulate each device. (Burke v Kern, citing Conner v Mayor of City of N.Y.)
The use of the word smoking in relation to conventional cigarettes and the word use in regard to e-cigarettes does not, as plaintiffs argue, change this single subject law into a dual subject law. At best, this argument raises a distinction without a difference. Local Law 152 does not become invalid merely because a cigarette is ignited by fire and an e-cigarette is ignited electronically.